(98 South. 461)

FREEMAN v. SOUTHERN LIFE & HEALTH INS. CO. et al.   (6 Div. 983.)

(Supreme Court of Alabama.   Dec. 20, 1923.)

1. **Master and servant** ⟊330(1)—**Automobile driver presumed agent of owner.**

In an action against a principal for injuries inflicted by one operating its car, proof of ownership of the car made out a prima facie case that the driver was agent or servant of the owner, and was acting in the scope of his authority.

2. **Master and servant** ⟊330(1)—**Presumption of agency of automobile driver rebuttable.**

The presumption that one driving an automobile is agent and acting within the scope of his authority for the owner is rebuttable.

3. **Master and servant** ⟊316(1)—**Mechanic repairing automobile held "independent contractor."**

A mechanic holding possession of an automobile for the purpose of repairing it in his own way by the job, and free from direction or control of the owner as to details or manner, was an "independent contractor," though he charged by the hour, and the owner was not liable for injuries by the mechanic's operation of the car.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Independent Contractor.]

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action for damages by F. D. Freeman against' the Southern Life & Health Insurance Company and R. L. Darrell. From the judgment, plaintiff appeals.   Affirmed.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

The inference or presumption arising from proof of ownership of the automobile which caused the collision required the submission of the question of liability of the insurance company to the jury. Patterson v. Millican, 12 Ala. App. 324, 66 South. 914; Levine v. Ferlisi, 192 Ala. 362, 68 'South. 269; Ford v. Hankins, 209 Ala. 202, 96 South. 349; Massey v. Pentecost, 206 Ala. 411, 90 South. 866; Penticost v. Massey, 201 Ala. 261, 77 South. 675; Ætna Explosive Co. v. Schaeffer, 209 Ala. 77, 95 South. 351; Edwards v. Earnest, 208 Ala. 539, 94 South. 598.

T. A. Saulsbury, 'of Birmingham, for appellees.

The presumption arising from ownership is rebuttable. The affirmative charge for the defendant insurance company for cor-

rectly given. Patterson v. Millican, 12 Ala. App. 324, 66 South. 914; Parker v. Wilson, 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87; Armstrong v. Sellers, 182 Ala. 582, 62 South. 28; Beville v. Taylor, 202 Ala. 305, 80 South. 370; Venturini v. Carlin, 17 Ala. App. 478, 86 South. 156; Dowdell v. Beasley, 205 Ala. 130, 87 South. 18.

ANDERSON, C. J. This was a suit brought by the appellant against these appellees for injuries inflicted by a car operated by Darrell, one of said appellees, and there was judgment against Darrell and verdict in favor of the Southern Life Company, pur· suant to the general affirmative charge given in its favor. The plaintiff appealed, and insisted upon error as to the giving of said charge.

[1, 2] In order for the plaintiff to recover against appellee company, it was incumbent upon him to show that "Darrell," at the time of the injury, was operating the car as its agent or servant and that he was acting within the line or scope of his duties as such agent or servant. It may be conceded that the proof. of the ownership of the car made out a prima facie case that it was being operated by an agent or servant of the defendant company, and that he was act-ing within the scope of his authority. Ford v. Hankins, 209 Ala. 202, 96 South. 349, and cases there cited. This, however, was but a rebuttable presumption, and if the evidence in rebuttal is undisputed and shows that the party operating the car was not the agent or servant of the defendant or was not acting within the scope of employment, the defendant would be entitled to the general charge. Ford v. Hankins, supra; Massey v. Pentecost, 206 Ala. 411, 90 South. 866.

[3] We think that the undisputed evidence shows that Darrell acquired and held the possession of the car in question as a mechanic, for the purpose of repairing same in his own way by the job, and free from the direction or control of the owner as to detail or manner, and the fact that he 'may have based the amount of his charge for the job upon the hours he worked on said car did not change him from, an independent contractor to an employee. Republic Iron & Steel Co. v. McLaughlin, 200 Ala. 204, 75 South. 962, and cases there cited.

The trial court did not err in giving the general charge in favor of the Southern Life & Health Insurance Company, and the judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.