**Petition of J. E. BRENNEMAN COMPANY For Exoneration From or Limitation of Liability.**

**J. E. Brenneman Company, Appellant.**

**No. 13983.**

United States Court of Appeals Third Circuit.

Argued Dec. 13, 1962.

Decided Jan. 24, 1963.

Joseph J. Murphy, Philadelphia, Pa. (Thomas F. Mount, Rawle & Henderson,

Murphy & Sheehan, Philadelphia, Pa., on the brief), for appellant.

Abraham E. Freedman, Philadelphia, Pa. (Charles Sovel, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee.

Before KALODNER and FORMAN, Circuit Judges, and ROSENBERG, District Judge.

## PER CURIAM.

On April 1, 1957, the appellant, J. E. Brenneman Company (Brenneman) filed a petition in admiralty in the United States District Court for the Eastern District of Pennsylvania, for exoneration or limitation of liability for damages as a result of a fire involving its non self propelling, piledriving vessel "Hercules", the pier to which it was moored and other property.

Answers and claims were filed by Eastern Gas & Fuel Associates, Philadelphia Coke Company, Patterson Oil Company, Patterson Terminals, Inc. and S. W. Kooperman, Inc.

The matter came to trial in October 1961. An interlocutory decree was filed denying the petition and directing that the matter proceed to a determination of the issue of damages, from which Brenneman prosecutes this appeal.

Brenneman contends, among other things, that the claimants are not the real parties in interest and therefore have no standing either to assert claims or to resist its petition for exoneration or limitation of liability. The following pattern concerning this contention now emerges:

(1) In its petition Brenneman alleged that it had received notice of claims from the insurer of Patterson Oil Company, Patterson Terminals, Inc., and nine insurers of Philadelphia Coke Company and from S. W. Kooperman, Inc.

(2) Formal answers and claims were not filed by the insurers but by the companies mentioned above.

(3) In a supplemental pre-trial memorandum filed November 20, 1960, Brenneman submitted the following statement:

"All of the Claimants in this case have recovered their losses in toto from their fire underwriters and therefore have no cause of action against your petitioner and, further, may not oppose the Petition for limitation of its liability."

(4) Cognizance by the Trial Judge of the above contention is evidenced in his pre-trial order of August 15, 1961, wherein he specifically stated:. "All pre-trial memoranda submitted on or prior to August 2d, 1961 are approved."

(5) At the opening of the trial, on October 16, 1961, the following discussion ensued:

"MR. MURPHY: [Counsel for Brenneman] I think the trial briefs are in such minute detail that we can dispense with the usual preliminary opening here, unless your Honor thinks otherwise.

"There was just one point not specifically covered in the statement of facts in both briefs, to wit, the question of our reservation, that is, on behalf of the petitioner of the right to assert, if the facts warrant, that the claimants are not the real parties in interest. That was raised in one of the pre-trial memoranda. I am just bringing it to the Court's attention.

"MR. FREEDMAN: [Counsel for claimants] If I may say, your Honor, I did not know that Mr. Murphy had intended to put all of his remarks in the pre-trial brief. That was never my intention. It was not my intention when we dictated the pre-trial memorandum to include all of the details of the facts and all of the— particularly those facts which were not especially necessary in connection with the problem which we posed as a matter of law, so that we would not expect to be limited to the—solely to the facts that we outlined in our pre-trial memorandum."

(6) On the fourth day of the trial, October 19, 1961, Brenneman's counsel called as a witness Mr. Samuel W. Kooperman, President of S. W. Kooperman, Inc., one of the claimants, pursuant to a subpoena duces tecum directing him to produce, among other records of his company, copies of its income tax returns. Counsel for claimants objected to the demand, to which Brenneman's counsel retorted:

"* * * I think they are relevant or may be relevant, let me say, to establish, inter alios, whether in the year of this fire, to wit, 1956, and the return that was made for that year, the Kooperman Company would have made a claim for the loss which they allege resulted from this fire. That, among other things, would make it relevant.

"Now, obviously, either they make a claim for a loss which is permissible, as your Honor understands, under the Internal Revenue Code, or, if in fact, they were paid by their own insurer, perhaps a fire insurer or whatever type of policy they had, then obviously they could not claim the loss.

"That brings us to the secondary point, one which I had raised heretofore in one of the various pre-trial memoranda submitted and also in the brief. I am not convinced as yet under the admiralty procedure and the admiralty rules in the event that any of these claimants were paid, to wit, Philadelphia Coke, Kooperman, Eastern Gas & Fuel, and Patterson Oil, whatever their respective claims may be—if they had been paid by their own underwriters whether they can in fact make a claim here and contest the limitation and exoneration. So that in that respect I think the material which I have subpoenaed is material and relevant."

After more discussion the Trial Judge stated:

"I would think that as a matter of pre-trial procedure this is something that should have been taken out of this case before we got into the middle of it and it seems to me a judge ought to have an opportunity to see cases and hear argument independent of the height of the trial, as I am in now. I don't think I will dispose of that matter here now at all. I would think that it could have been raised and disposed of at some other time or at an earlier time; but in any event I don't think I will hear it now.

"Certainly, Mr. Murphy, there may be a time when it is appropriate. You have a right to urge it, but I want it to be urged and briefed and argued at much more leisure than now."

(7) After a recess, during which counsel discussed the documents under subpoena out of the presence of the court, the Trial Judge remarked:

"We discussed this Kooperman matter, and whether he is a real party in interest and so forth. I do not know the answer to these things. I do not want what I may have said a few minutes ago as being taken to be a decision on the matter at all as to whether he has a right to this claim or doesn't have. I just don't know anything about it.

"It may be that you gentlemen better explore the question of whether there is a failure to join a proper party here, such as an insurance company. I do not know the ramification of this. You had better think it over.

"All I am saying is that assuming the proper parties are joined, and assuming the liability is found, there will be a time when either a Master or myself will hear these claims, and at that time the rights of the parties will be determined. * * *"

(8) The record contains no other reference to the status of the claimants or insurers as real parties in interest and the Trial Judge made no reference thereto in his findings of fact and conclusions

of law or his memorandum supplementing them. If anything, it would appear that both parties and the court conceived that the issue would be raised and disposed of at some other point in the litigation.

Suits in admiralty may only be brought or contested by the real parties in interest. Texas San Juan Oil Corp. v. An-Son Offshore Drilling Co., 194 F. Supp. 396 (S.D.N.Y.1961); Wittig v. Canada S. S. Lines, 59 F.2d 428 (W.D. N.Y.1932), and The Mandu, 102 F.2d 459 (2 Cir., 1939). Such a contention deserves early consideration since a conclusion that the real parties in interest are not in court could be determinative of the litigation.

The claimants argue here that Brenneman waived its right to challenge the status of the claimants. They assert that the first time Brenneman raised this issue was at the trial and under McLouth Steel Corp. v. Mesta Machine Co., 116 F. Supp. 689 (E.D.Pa.1953), affirmed 214 F. 2d 608 (3 Cir., 1954), cert. denied 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687 (1954) such a delay amounts to a waiver. That case is inapposite. Here the issue was raised in the supplemental pre-trial memorandum of October 20, 1960, almost one year before the trial commenced. In fact the record indicates that the claimants took the position that the issue should be held over until the question, if any, of damages, was to be heard and the Trial Judge and Brenneman likewise assumed that the issue would be explored and determined at some later juncture. Brenneman did not waive its right to assert that the claimants are not the real parties in interest.

Claimants also contended that any "payments" they had received from their insurers were pursuant to "loan receipts" and under Luckenbach v. McCahan Sugar Refining Company, 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170 (1918) they remain the real parties in interest. But the record, as has been shown, is barren of any evidence concerning payments by insurers or loan receipts and the question of law so raised cannot be resolved in the absence of the underlying facts.

The posture of the case seems to be: Brenneman alleges that the claimants are not the real parties in interest and that they cannot therefore contest the petition. Its proffers of proof in this respect were postponed and never were received by the court. The claimants in their brief and oral argument here referred to payments they have received from their insurers in consideration of loan receipts which they contend do not detract from their status as real parties in interest eligible to contest Brenneman's petition.

The adjudication of the facts and law surrounding the issue of the propriety of the claimants as real parties in interest should not have been postponed until after the question of liability had been settled, then to be scrutinized only when damages are to be assessed, as the record seems to disclose was the intent of the parties and the court. Indeed, since the claimants here comprise all those involved in the alleged damage if they should be held not to be proper parties in interest none is left to contest the petition.

Formal remand for findings of fact and conclusions of law by the District Court would require reinstitution of this appeal. In order to avoid such delay and in the interest of economy:

IT Is therefore ORDERED on this 24th day of January 1963 that this appeal should be held and leave is hereby granted to the appellant J. E. Brenneman Company to supplement the record in this case by producing before the Trial Judge, at a date convenient to him, and upon reasonable notice to the claimants, Eastern Gas & Fuel Associates, Philadelphia Coke Company, Patterson Oil Company, Patterson Terminals, Inc., and S. W. Kooperman, Inc., its evidence on the issue of their propriety as real parties in interest with like leave to the claimants to offer their evidence on the issue, four typewritten copies of the transcript of which, together with four conformed copies of such exhibits as may be offered by the parties, shall be lodged with the Clerk of this court within 30 days from the date of this order.