## Staunton

UNIVERSAL UNDERWRITERS INSURANCE COMPANY v. EVELYN H. STROHKORB, ET AL.

September 11, 1964.

Record No. 5722.

Present, All the Justices.

*Theordore C. Pilcher (Pilcher, Underwood, Pilcher & Winters*, on brief), for the appellant.

*Robert M. Furniss, Jr.*, for the appellees.

EGGLESTON, C. J., delivered the opinion of the court.

On May 26, 1961, while Paul P. Perdue, an employee of EmRhae Motors, Inc., was driving an automobile owned by Commander Arthur F. Berry, U.S.N., on Atlantic avenue in the city of Virginia Beach, it was involved in a collision with another car driven by Mrs. Evelyn H. Strohkorb. Mrs. Strohkorb, who was injured in the collision, filed suit for damages for her injuries against Perdue, EmRhae Motors and Berry. Universal Underwriters Insurance Company had issued to EmRhae Motors an Automobile Garage Liability Policy which was then in effect. The Berry car was, at the time, insured by a Family Automobile Policy issued by United Services Automobile Association.

Universal filed in the court below a motion for a declaratory judgment against Mrs. Strohkorb, Perdue, EmRhae Motors, Berry and United, to determine the obligations of the two insurance companies with respect to defending the action which Mrs. Strohkorb had filed and to pay the judgment, if any, which she might recover. Answers were filed by the respective defendants. In its answer United alleged that under the terms of its policy issued to Berry, liability for this accident was expressly excluded, because at the time the Berry car was being "used in the automobile business" of EmRhae Motors.

After having heard the evidence ore tenus, the trial court held and adjudicated that at the time of the accident the Berry car was being "used in the automobile business" of EmRhae Motors within the meaning of the exclusion clause of the policy issued by United, and that, therefore, that policy afforded no coverage for liability arising out of the accident. It further held and adjudicated that the Garage Liability Policy issued by Universal to EmRhae Motors covered the liability of Perdue and EmRhae Motors for the accident. We granted Universal an appeal.

The evidence heard by the trial court has been reduced to a stipulation of facts for the purpose of the appeal. From this stipulation it appears that EmRhae Motors is in the business of buying, selling, and servicing automobiles, with its principal sales lot and repair garage on Seventeenth street at Virginia Beach. It also has a sales lot at Bayside which is about ten miles from its Virginia Beach location. Berry had purchased the car involved in this accident at the Bayside sales lot of EmRhae Motors. On several occasions the car had to be returned to EmRhae Motors for repairs

made pursuant to a sales guarantee. Since it had been purchased at the Bayside sales lot, and because this was more convenient to Berry, he delivered the car to EmRhae Motors at that location for the purpose of having the repairs made. EmRhae Motors accepted the car at Bayside and sent it to its repair garage at Virginia Beach where the work thereon was done. After the repairs had been made the car was returned to Bayside and there delivered to Berry.

At the time of the accident Perdue, an employee of EmRhae, at the direction of a superior, was driving the car from the repair garage of EmRhae Motors at Virginia Beach to its Bayside sales lot. According to the stipulation, "The trial court found that he was engaged at the time in a direct and ordinary course of his employer's business, and that driving the car was an integral part of the service offered customers for the obvious purpose of increasing business. The vehicle, at the time of the accident, was in the care, custody, and control of EmRhae."

The Family Automobile Policy issued by United and covering the Berry car contains the usual "Bodily Injury Liability" and "Property Damage Liability" clauses. It also contains the usual omnibus coverage clause, including among the "Persons Insured," "any other person using such automobile, provided the actual use thereof is with the permission of the named insured." Included in the policy is this provision:

"EXCLUSIONS This policy does not apply under Part 1 [Liability]:

*  *  *  *  *  *  *  *  *  *

"(g) to an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership."

Just preceding this exclusion clause the policy defines "automobile business" as "the business. or occupation of selling, repairing, servicing, storing or parking automobiles."

The Garage Liability Policy issued by Universal to EmRhae Motors likewise includes the usual "Bodily Injury Liability" and "Property Damage Liability" clauses. Among the hazards insured against are:

"DIVISION 1—PREMISES—OPERATIONS—AUTOMOBILES:

The ownership, maintenance or use of the premises for the purpose of an automobile sales agency, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations, * * * .

"DIVISION 2—PREMISES—OPERATIONS—AUTOMOBILES NOT OWNED OR HIRED: The ownership, maintenance or use of the premises for the purpose of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the use in connection with the above defined operations of any automobile not owned or hired by the named insured, * * * ."

The latter policy includes in the "Definition of Insured," "(1) any * * * employee * * * while acting within the scope of his duties as such, * * * and (2) any person while using an automobile covered by this policy, * * * provided the actual use of the automobile is by the named insured or with his permission."

Universal admits that the operation of the car by Perdue at the time of the accident is within the coverage of its Garage Liability Policy, as held by the trial court. But it challenges the holding that the exclusion clause in the policy of United relieves the latter company from liability for such operation. It argues that since the car was being driven by Perdue with the permission of Berry, Perdue was among the "Persons Insured" under the omnibus clause in United's policy issued to Berry. Moreover, Universal says that at the time of the accident the car was not being "used in the automobile business" of EmRhae Motors within the meaning of the exclusion clause; that the use was merely "incidental" to such automobile business and does not exclude the risk arising out of this accident.

We agree with the holding of the trial court that at the time of the accident the car was being "used in the automobile business" of EmRhae Motors within the meaning of the exclusion clause. First, the admission by Universal that its Garage Liability Policy covered the operation of the car by Perdue is necessarily an admission that the operation was "in the automobile business" of EmRhae Motors, because that is one of the hazards insured against under the express terms of Universal's policy. Obviously, if the operation of the car by Perdue was a use in the automobile business of EmRhae Motors within the meaning of the insuring clause of Universal's policy, it was a use in such automobile business within the meaning of the exclusion clause of United's policy. The obvious purpose of the

exclusion clause in United's policy is to relieve that insurer from the very liability which is covered under the terms of the Garage Liability Policy of Universal. The risks under the two types of policies are obviously different and, no doubt, the rates are different.

Second, the trial court found and stated in its memorandum opinion that, "In driving Commander Berry's vehicle from EmRhae's Virginia Beach place of business to EmRhae's Bayside branch, Mr. Perdue was engaged in a *direct and ordinary course of his employer's business* which is automobile sales and service. This use of the vehicle was *not incidental* to EmRhae's business. It was an *integral part of the service offered customers* for the obvious purpose of increasing business." (Emphasis added.) This is a finding of fact which is clearly supported by the evidence as related in the stipulation of facts.

We recently dealt with a similar situation in *Nationwide Mutual Ins. Co.* v. *Federal Mutual Ins. Co.*, 204 Va. 879, 134 S. E. 2d 253, which was decided after the present appeal had been granted. In that case, Owen J. Ganoe, a passenger in a car driven by Claude O. Wickline, recovered a judgment against Wickline for personal injuries received in a single car accident. At the time, Wickline, the president of and salesman for Wick Chevrolet, Inc., the operator of a Chevrolet agency, was testing the car to determine whether he would purchase it for his sales agency.

Nationwide Mutual Insurance Company had in force at the time of the accident a garage liability policy in which Wick Chevrolet, Inc., was the named insured. Its insuring provisions were substantially the same as those in the Garage Liability Policy issued by Universal in the present case.

Paul N. Lambert, the owner of the car, was the named insured in an automobile liability policy issued to him by Federal Mutual Insurance Company. The latter policy contained an "exclusion" provision in the identical language of that found in the policy issued by United to Berry, that is, it excluded coverage of an "owned automobile while used in the automobile business." There, too, the policy, like the United policy in the present case, defined "automobile business" as "the business or occupation of selling * * * automobiles."

In that case we held that the finding of the trial court that "Wickline was using the car "in the business of selling automobiles" was sustained by the evidence, because Wickline's driving the car "was an important element in the automobile business in which Wickline was engaged." (204 Va. at 886, 134 S. E. 2d at 257.) Accordingly,

we sustained the finding of the trial court that Wickline was using the car in connection with his automobile sales agency and hence was covered by the terms of Nationwide's garage liability policy; that such use was within the terms of the exclusion clause of Federal's policy and that there was no coverage of Wickline with respect to the accident by the latter policy.

The decision of the trial court in the present case being in accord with the principles settled in that case, the order appealed from is

*Affirmed.*