177 So.2d 790 (1965)
Jimmie WILKS et al., Plaintiff and Appellant,
v.
ALLSTATE INSURANCE COMPANY et al., Defendant and Appellee.
No. 1482.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1965.
Rehearing Denied August 24, 1965.
Writ Refused October 21, 1965.
*791 Francis E. Mire, Lake Charles, for plaintiff-appellant.
Hall, Raggio & Farrar, by J. L. Cox, Jr., Bryan Miller, Lake Charles, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of an automobile accident. The trial judge sustained defendant insurer's motion for summary judgment denying coverage. Plaintiffs appealed.
The substantial issue is the construction of an exclusionary provision that the policy does not apply "To an owned automobile while used in the automobile business * * *"
The facts shown by the pleadings, and by affidavit filed in support of defendant's motion for summary judgment, are as follows: The named insured, Farley Q. Calhoun, drove his car to Jacobs' American Service Station and told Mr. Jacobs he wanted his car washed and filled with gas while at work. Mr. Jacobs sent his employee, Dronet, with Calhoun, to drive the car back to the station. Calhoun drove to his place of employment and there turned the car over to Dronet. On the way back to the service station, Dronet was involved in an intersectional collision with a car driven by the plaintiff, Mrs. Wilks.
Mr. and Mrs. Wilks filed this suit against Dronet, Jacobs, and Allstate Insurance Company, liability insurer for Calhoun.
The policy provisions pertinent to defendant insurer's motion for summary judgment denying coverage are as follows: Part 1 of the policy contains the usual omnibus clause, extending coverage to any person using the vehicle with the permission of the named insured. The policy also contains an exclusion, which states that this policy does not apply under Part 1:
"(g) to an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership;"
Under Definitions, the policy provides: "automobile business means the business or occupation of selling, repairing, servicing, storing or parking automobiles;".
It is apparent that Dronet was driving with the permission of the named insured *792 and was covered under the omnibus clause unless excluded by the above quoted exclusionary provision.
The defendant insurer contends and the trial judge held, that the case of Nyman v. Monteleone-Iberville Garage, Inc. et al., 211 La. 375, 30 So.2d 123 (1947) is controlling here. In the Nyman case, Mr. Weaver arrived at the Monteleone Hotel and requested the Monteleone-Iberville Garage, Inc. to store his car. The storage garage sent its employee, Lewis, to pick up the car. While driving to the garage, Lewis struck and injured plaintiff's husband. Joined as parties defendant were Lewis, the garage, Weaver and his liability insurer. The defendant insurer relied on the exclusionary clause that coverage did not extend: "(c) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof."
In the Nyman case our Supreme Court held there was no coverage of the driver under the policy, stating:
"Clearly the death of the husband of the relatrix in this case resulted from an accident that occurred while the insured car was being used with the permission of the insured by an employee of a public parking place in the operation of that business * * *."
The holdings in the Nyman case and its progeny, Clostio's Heirs v. Sinclair Refining Co., La.App., 36 So.2d 283 (1st Cir. 1948), follow what is apparently the majority interpretation of the particular exclusionary clause involved there. See discussion and annotations in 7 Appleman, Insurance Law & Practice, Section 4372 and 47 A.L.R.2d 556.
Plaintiff contends the Nyman case is not controlling here because the wording of the exclusionary clause in the Nyman case is different from the working of the clause in the present matter. A mere reading of the two clauses, which are quoted above, will show the difference. The clause in the Nyman case excluded certain drivers, as for example the owners or employees of repair shops, service stations, etc., as to accidents arising out of the operation of such businesses. The exclusionary clause in the present case does not relate to the identity or occupation of the driver, but, instead, to the use to which the automobile is being put. Furthermore, the provision in the Nyman case excludes accidents "arising out of the operation" of the business, whereas the provision in the present case excludes automobiles "used" in the business. As will be shown hereinafter, the two exclusionary provisions are readily susceptible of different interpretations. Hence, the Nyman case is not controlling here.
The interpretation of this new exclusionary clause, which has apparently replaced in standard automobile liability policies the old clause interpreted in the Nyman case, is res nova in Louisiana. However, several courts in other jurisdictions have considered the distinction between these two provisions and, almost uniformly, have held that the new clause is at least ambiguous and must be interpreted against the insurer.
In Chavers v. St. Paul Fire & Marine Ins. Co., 295 F.2d 812 (U.S.C.A., 6th Cir. 1961), a restaurant parking lot employee was parking the insured vehicle for the owner when the accident occurred. The court held that under the language of the exclusionary clause, it was not clear whether the automobile was being "used in the automobile business" and hence the clause was ambiguous.
McCree v. Jenning, 55 Wash.2d 725, 349 P.2d 1071 (Supreme Court 1960), involved an employee of a repair shop returning the car to the owner when the accident occurred. The court held:
"It would appear evident, therefore, that an automobile `used in the automobile *793 business,' would be one which was employed for some purpose in connection with that business. For example, a tow truck, an automobile used for demonstration purposes, or a vehicle used for securing or delivering equipment and supplies would be `used in the business.' But the Jenning automobile was not turned over to Miller to be used by him for his business purposes. It was simply brought to him to be repaired."
In LeFelt v. Nasarow, 71 N.J.Super. 538, 177 A.2d 315 (Sup.Ct.1962), the automobile was being driven on a test run by an employee of a repair shop. The court held:
"The appellant appears to have overlooked the significance of the word, `used' and to have assumed that any automobile in the possession or under the control of an automobile repairman would necessarily come within the exclusion. We do not so read the exclusion."
"According to the pertinent definitions in Webster's New Twentieth Century Dictionary (2d ed. 1957), the verb `to use' means `to put or bring into action or service; to employ for or apply to a given purpose.' Synonyms are `employ, exercise, treat, practice, accustom, habituate, inure.'
"It would appear evident, therefore, that an automobile `used in the automobile business,' would be one which was employed for some purpose in connection with that business. For example, a tow truck, an automobile used for demonstration purposes, or a vehicle used for securing or delivering equipment and supplies would be `used in the business.' But the Jenning automobile was not turned over to Miller to be used by him for his business purposes. It was simply brought to him to be repaired."
Goforth v. Allstate Insurance Co., 220 F. Supp. 616 (W.D.N.C.), concerned an accident while the automobile was being driven by a garage employee to the shop for repairs. The court said:
"* * * Counsel for defendant Allstate contend with some ingenuity that plaintiff must choose between the horns of a dilemna: that if the automobile was "used" within the meaning of the permissive user clause of the policy it must have been used "in the automobile business" which excludes coverage. This is an over-simplification and ignores the definition contained in the policy of "automobile business". That business could, of course, include the transporting of motor vehicles to and from a garage for the purpose of repairing. No such meaning, i. e., "transporting" is found within the definition, and it would have been easy to supply. The policy was written by Allstate and not by the additional insured Melton. Wherever ambiguous, it should be read against its scrivener.'"
Allstate Insurance Co. v. Skawinski, 40 Ill.App.2d 136, 189 N.E.2d 365, involved an accident which occurred when the automobile being repaired was accelerated and moved forward by an employee of the garage. The court held:
"`* * * If the accident had occurred while Skawinski was employing the automobile to obtain parts, or for delivery purposes or as a "courtesy car" for the benefit of his customers, then he would indeed have been using this non-owned automobile in his business. However, this automobile was not being utilized or employed as an incident of his service or as a means, tool or adjunct for or on behalf of his auto repair business. This automobile, while being repaired, was the object of the defendant's business and not an incident or a tool being used therein.'"
In the very recent case of Hammer v. Malkerson Motors, Inc., 269 Minn. 563, 132 N.W.2d 174 (1964), an employee was *794 driving the automobile to the garage for repairs when the accident occurred. This very thorough opinion reviews all of the jurisprudence and then makes this penetrating additional observation:
"The terms used in an insurance policy must be given their plain, ordinary, and popular meanings so as to effectuate the intention of the parties. Bobich v. Oja, supra [258 Minn. 287, 104 N.W.2d 19]. Applying these rules to the language we have before us, we think the owner of this automobile would be quite astonished to learn that his car, while in the hands of the garage owner for repairs, was being used in the automobile business.
"`Automobile business' is defined in the policy as follows:
"`"automobile business" means the business or occupation of selling, repairing, servicing, storing or parking automobiles.'
"When this definition is read as a part of exclusion (g), it becomes even more clear that the automobile was not being used in the automobile business. To paraphrase the definition as part of the exclusion, it would read that the provisions of the policy do not apply if the automobile is being used in the business or occupation of selling, repairing, servicing, storing, or parking automobiles. Clearly, it was not so used. While the named insured obviously consented to the necessary movement of the car, so as to bring Malkerson within the provisions of the policy requiring use of the car to be with the consent of the owner, she could hardly be held to have consented to the use of her car in furtherance of Malkerson's automobile business as defined in the policy."
Finally, in 7 Appleman, Insurance Law & Practice, 1965 Pocket Part, Section 4372, at page 40, this new form of exclusionary clause is noted as follows:
"A clause excluding automobiles used in the business of parking automobiles, or in the automobile business, is to be distinguished from clauses discussed heretofore. An automobile brought in to be parked or to be repaired is not being used in the parking or automobile business."
The defendant here has cited one case which apparently reaches a contrary result. In Universal Underwriters Insurance Co. v. Strohkorb, 205 Va. 472, 137 S.E.2d 913, an employee of an automobile dealer's repair shop was moving the car when the accident occurred. The court held that the moving of customers' cars was an integral part of the service offered by the repair shop and, hence, that the automobile was being "used in the automobile business".
We think it is obvious from the above discussed jurisprudence that the exclusionary clause in the present case is at least ambiguous. The clause, "used in the automobile business", is certainly susceptible of at least two meanings. It could mean (1) that the automobile is excluded if it is simply in the possession of the automobile business, or it could mean (2) that the automobile is excluded only if being driven in furtherance of the business or as a means of furnishing services to customers, as for instance a delivery truck, tow car, etc. It is too well settled in our jurisprudence to require citation of authority that if an insurance policy is ambiguous, it must be construed against the insurer.
In deference to the very able trial judge, we would like to state it does not appear that the above discussed cases interpreting the new exclusionary provisions were called to his attention.
For reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiffs, Jimmie Wilks and Margaret Wilks, and against the defendant, Allstate *795 Insurance Company, denying said defendants' motion for summary judgment. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendant.
Reversed and remanded.

On Application for Rehearing.
En Banc. Rehearing denied.