**W. H. SANDERS, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 22122.**

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1965.

Frederick W. Killion, Jr., Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., for appellant.

T. E. Twitty, Inge, Twitty, Duffy & Prince, Mobile, Ala., for appellee.

Before MARIS,* RIVES and BELL, Circuit Judges.

RIVES, Circuit Judge:

This appeal is from a summary judgment for the defendant, entered without opinion. Mr. R. E. Swords drove to Sanders' service station in Mobile, Alabama, and asked Sanders to ride home with him so that Swords might remain home while Sanders took Swords' automobile back to his service station to be washed. On the way back to the service station, Sanders collided with an automobile driven by a Mrs. Seiler. Mrs.

* Of the Third Circuit, sitting by designation.

Seiler received severe personal injuries, and eventually died.

Swords carried insurance against liability with the appellee, Liberty Mutual Insurance Company. Sanders was insured by Gulf American Fire & Casualty Company under a policy covering accidents "arising out of the ownership, maintenance or use of the premises for the purpose of an automobile service station * * * and all operations for or necessary or incidental thereto."

Liberty Mutual refused to defend the suits brought by the estate of Mrs. Seiler and her husband. Gulf eventually settled those suits on behalf of its insured, Sanders, for a total of $10,000 and appropriate judgments were entered. Gulf advanced the money to pay the judgments to Sanders under a "Loan Agreement." Under the terms of the agreement the money was advanced "as a loan without interest, repayable only in the event and to the extent of any net recovery the undersigned may make from Liberty Mutual Insurance Company or any other insurance carrier under its or their policy or policies of insurance * * *."

Gulf's service station policy contained the following clause: "If there is available to the insured or any other interested party any other valid and collectable insurance which would apply in the absence of this policy the insurance under this policy shall apply only as excess insurance over such other insurance." Sanders, through Gulf's attorneys, therefore brought this suit against Liberty Mutual in an attempt to recover under Liberty Mutual's policy covering Swords' automobile.

The general provisions of Liberty Mutual's policy make it applicable to the "named insured" or "any other person using such automobile, provided the actual use thereof is with permission of the named insured." However, the policy does not cover an insured automobile "while used in the automobile business," defined as follows: " 'Automobile business' means the business of selling, repairing, servicing, storing or parking of automobiles."

■ There is some contention by Liberty Mutual that Sanders is not the proper party plaintiff, but that Gulf American Fire & Casualty Company is the real party in interest under Rule 17 (a), Fed.R.Civ.P. The Supreme Court in Luckenbach v. W. J. McCahan Sugar Refining Co., 1918, 248 U.S. 139, 148, 149, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522, approved the use of loan agreements and upheld the right of the insured to sue in his own name. That decision has been consistently followed.[1] Sanders was the proper party plaintiff.

■ Sanders complains that the district court should have granted his motion under Rule 34, Fed.R.Civ.P., to require Liberty Mutual to produce its policy with Swords. Liberty contends that it did not produce the policy because it did not have it; that the policy was issued to Swords, and Liberty did not have a copy of it. However, this problem was solved by the stipulation of the parties which has attached true copies of both the Liberty Mutual policy and the Gulf American policy. The ruling on the motion, if error, was harmless error. Rule 61, Fed.R.Civ.P.

■ The real question to be decided is whether Sanders' car was being "used in the automobile business" within the exclusion from coverage in Liberty Mutual's policy. There have been many rulings as to a like exception from the omnibus clause.[2]

Sanders relies on Goforth v. Allstate Insurance Co., W.D.N.Car.1963, 220 F.

1. Celanese Corporation of America v. John Clark Industries, Inc., 5 Cir. 1954, 214 F.2d 551, 556, and cases collected in footnote 9; Petition of J. E. Brenneman Company, 10 Cir. 1963, 312 F.2d 271, 274; Dixey v. Federal Compress & Warehouse Co., 8 Cir. 1942, 132 F.2d 275;

The Plow City, 3 Cir. 1941, 122 F.2d 816; McKenzie v. North River Ins. Co., 1952, 257 Ala. 265, 58 So.2d 581.

2. See 7 Am.Jur.2d Automobile Insurance, § 125, p. 444; Annotation 47 A.L.R.2d 556.

Supp. 616, aff'd 4 Cir. 1964, 327 F.2d 637. The Fourth Circuit's per curiam affirmance reads as follows:

"We agree with the District Court that a private automobile being driven from the place of business of the owner by a garage keeper to his garage for the purpose of effecting repairs requested by the owner was not being 'used in the automobile business' within the meaning of an exclusion clause in the owner's liability insurance policy.

"Affirmed."

The rationale of the opinion of the district court in Goforth appears to be expressed as follows:

"It is beyond argument that Melton's occupation was that of a garageman in the automobile repair business, but that is not to say that the automobile itself was being used in such business at the time of the collision. If it was being used in anybody's business, it would seem just as sensible to say that it was being used in Bartlett's business of taking care of his own property and getting it repaired. Melton's business would not begin until the journey was completed. The dominant importance of the *facts* is demonstrated by supposing that the exception of the named insured himself from the exclusionary clause had been omitted. If Bartlett himself, the owner of the automobile, had been driving it on the way to Melton's garage to be repaired, would the defendant seriously contend that the automobile was then being used in the automobile business? Yet, there is nothing in the language of exclusion to distinguish such a fact situation from the one at bar." (220 F.Supp. at 619.)

That rationale does not hold true under the law of Alabama, as is shown by the case of Freeman v. Southern Life &

Health Insurance Co., 1923, 210 Ala. 459, 98 So. 461. There the suit was against the owner of an automobile and an automobile mechanic. There was a verdict for the plaintiff against the mechanic but the trial court directed a verdict in favor of the owner. The Supreme Court of Alabama affirmed, saying:

"We think that the undisputed evidence shows that Darrell acquired and held the possession of the car in question as a mechanic, for the purpose of repairing same in his own way by the job, and free from the direction or control of the owner as to detail or manner, and the fact that he may have based the amount of his charge for the job upon the hours he worked on said car did not change him from an independent contractor to an employee. Republic Iron & Steel Co. v. McLaughlin, 200 Ala. 204, 75 South. 962, and cases there cited."

See also Moore-Handley Hardware Co. v. Williams, 1939, 238 Ala. 189, 189 So. 757.

Indeed, the rule seems to prevail in most states that:

"An automobile owner is not liable for damage caused by his automobile when being picked up for transportation to a garage for storage or servicing, or when being returned to the owner, through the negligence of an employee of the garage, such employee being regarded as the servant of the garage operator rather than of the car owner."

Annotation 35 A.L.R.2d 811, collecting many cases; see also Councell v. Douglas, 1955, 163 Ohio St. 292, 126 N.E.2d 597.

The policy, by its terms, when reasonably construed, excluded the car from coverage when it was under the control of Sanders' employee driving the car to the service station to be washed.[3]

The judgment is therefore affirmed.

3. Universal Underwriters Ins. Co. v. Strohkorb, 1964, 205 Va. 472, 137 S.E.2d 913, 917; cases collected in Ann. 47 A.L.R.2d 556.