The INDUSTRIAL DEVELOPMENT BOARD OF the CITY OF PRATTVILLE (Alabama), et al., Plaintiffs,

v.

BROWN & ROOT, INC., A Corporation, et al., Defendants.

Civ. A. No. 83–V–8–N.

United States District Court, M.D. Alabama, N.D.

Aug. 12, 1983.

William H. Stanhope, Robins, Zelle, Larson & Kaplan, Atlanta, Ga., James A. Byram, Jr., Steiner, Crum & Baker, Montgomery, Ala., for plaintiffs.

Tabor R. Novak, Jr., Ball, Ball, Duke & Matthews, Montgomery, Ala., for Beloit Corp.

Richard B. Garrett, Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for Brown & Root, Inc.

OPINION

VARNER, Chief Judge.

This cause is now before the Court on the Defendants' motions filed herein June 7, 1983, to add Arkwright-Boston Manufactur-

ers Mutual Insurance Company as a real party in interest.

Defendant Beloit Corporation designed and manufactured a paper machine which was sold to Plaintiff, Industrial Development Board of the City of Prattville (IDB), and leased and operated by Plaintiff Union Camp Corporation at its paper mill in Prattville, Alabama. Defendant Brown and Root, Inc., was the general contractor that installed the machine at the mill. On January 11, 1982, a breakdown of the paper machine resulted in damage to the machine and other equipment in an amount allegedly exceeding three million dollars. Plaintiffs IDB and Union Camp have brought this diversity action against Beloit and Brown and Root, alleging that the breakdown was due to Defendants' negligence.

Pursuant to an insurance agreement to loan Union Camp the amount of loss with some deductions, the loan being repayable only from any recovery from one causing the loss, Arkwright-Boston Manufacturers Mutual Insurance Company "loaned" Union Camp Corporation $2,987,717.00 as evidenced by a loan receipt agreement executed on July 13, 1983 (see Exhibit "A" attached to affidavit of Thomas Hollowell filed herein August 3, 1983). The Defendants argue that, because Arkwright-Boston has paid the loss suffered by the Plaintiffs and is entitled to any net recovery Plaintiffs may obtain in this action, Arkwright-Boston is a real party in interest and should be named a party Plaintiff in this cause. Rule 17(a), Federal Rules of Civil Procedure, provides that "[e]very action shall be prosecuted in the name of the real party in interest." This Court must decide whether Arkwright-Boston is such a party.

The broad command of the decision in *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is that federal courts sitting in diversity cases must apply State substantive law and federal procedural law. One is a real party in interest under Rule 17(a) if it has the legal right under the applicable substantive law to enforce the claim in question in the case. Thus, in order to ascertain whether Ark-

wright-Boston is a real party in interest under Rule 17(a), this Court must determine whether the insurance company would have the right under Alabama substantive law to bring the action which Plaintiffs have currently brought. *Lubbock Feed Lots v. Iowa Beef Processors,* 630 F.2d 250, 256–257 (5th Cir.1980); *United States v. 936.71 Acres of Land,* 418 F.2d 551, 556 (5th Cir.1969). In a decision which this Court is required to follow, the Fifth Circuit Court of Appeals examined the only Alabama case which dealt with the question of a loan receipt transaction, *McKenzie v. North River Ins. Co.,* 257 Ala. 265, 58 So.2d 581 (1951), and ruled that, under a loan receipt agreement, the insured was the real party in interest, not the insurer. See, *Ketona Chemical Corp. v. Globe Indemnity Co.,* 404 F.2d 181 (5th Cir.1968). See, also, *Sanders v. Liberty Mutual Ins. Co.,* 354 F.2d 777 (5th Cir.1965) [ruling insurer not proper party in Alabama under loan receipt agreement]. This Court is bound by Fifth Circuit precedent. See, *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) [en banc].

Defendants argue that Alabama Rule of Civil Procedure 17(a) requires that a subrogee under a loan receipt arrangement must be named a party plaintiff to a claim in which he has a pecuniary interest. The rule provides:

"In subrogation cases, regardless of whether subrogation has occurred by operation of law, assignment, *loan receipt,* or otherwise, if the subrogor no longer has a pecuniary interest in the claim, the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim, the action shall be brought in the names of the subrogor and the subrogee." [emphasis added]

Defendants contend that the Fifth Circuit decisions relied on by Plaintiffs predate the portion of the Alabama rule referring to loan receipts and that a federal court today would be governed by this Alabama rule.

■ Defendants' contention must fail for reasons previously stated herein—a federal court sitting in a diversity case must apply

State substantive law, not State procedural law. Section 1544 of Volume 6 of Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, states that, in determining who possesses a cause of action in a diversity case, "[t]he forum state's procedural statute or rule defining the real party in interest concept is not applicable * * * because it only governs who may sue in the state courts; under Rule 17(a), the federal courts are concerned only with that portion of state law from which the specific right being sued upon stems." See, *Lubbock Feed Lots,* supra, at 256–275; 3A MOORE'S FEDERAL PRACTICE, ¶ 17.07. The Alabama rule of procedure would require an insurer under a loan receipt agreement to be named a party in a State action. The rule does not create a substantive right of action in favor of the insured. Cf. *Rosenfeld v. Continental Building Operating Co.,* 135 F.Supp. 465 (W.D.Mo.1955). Therefore, Alabama Rule of Civil Procedure 17(a), being one of pure procedure, is of no importance to this Court in this case.

█ Accordingly, in compliance with the previous rulings of this Circuit, it is this Court's opinion that Arkwright-Boston is not a real party in interest in this case and that Defendants' motions to add it as a party Plaintiff should be denied.