John O. STORY, Plaintiff,

v.

PIONEER HOUSING SYSTEMS, INC.; and Michael G. Paulk, Defendants.

Civ.A. No. 98–A–1423–E.

United States District Court, M.D. Alabama, Eastern Division.

March 2, 2000.

Joseph G. Stewart, Michael G. Strickland, Montgomery, AL, James R. Sturdivant, Birmingham, AL, for plaintiff.

Cowin Knowles, Montgomery, AL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This cause is before the court on a Motion to Add a Real Party in Interest Under Rule 17(a), filed by the Defendants on February 2, 2000.

In this case, the Plaintiff, John Story, contends that he suffered injuries and damages in an automobile accident caused by Defendant Paulk, who was driving a tractor trailer within the line and scope of his employment with Pioneer Housing Systems, Inc. The Plaintiff further contends that he has suffered bodily injury, has incurred medical expenses and will incur medical expenses in the future, has suffered physical pain and will suffer physical pain in the future, has suffered mental anguish and will continue to do

so in the future, was permanently impaired, and was otherwise injured and damaged.

The Defendants seek to compel joinder of Health Partners of Alabama ("Health Partners"), the Plaintiff's health insurer.

## II. *DISCUSSION*

In their Motion to Add a Real Party in Interest, the Defendants argue that a subrogation agreement exists between the Plaintiff and Health Partners, and that Health Partners should be joined as a real party in interest. The Defendants have moved to add Health Partners as a real party in interest under Alabama Rule of Civil Procedure 17(a).

■■■ It is well established that federal courts sitting in diversity must apply state substantive law and federal procedural law. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Applying this rule in the context of joinder of a real party in interest, another judge in this court has previously determined that the federal rule, rather than the Alabama rule, regarding real parties in interest is to be applied by federal district courts. *See Industrial Development Bd. of the City of Prattville v. Brown & Root, Inc.,* 99 F.R.D. 58 (M.D.Ala.1983), *aff'd in part without opinion,* 795 F.2d 87 (11th Cir.1986). The court determined that the Alabama rule does not create a substantive right of action in favor of the insured. *See id.* at 60. Therefore, even though the Alabama rule has a special provision regarding subrogees, the rule is procedural and does not apply in federal court. *Id.* at 59–60. The motion before this court must, therefore, be analyzed under Federal Rule of Civil Procedure 17(a),[1] rather than the Alabama rule.

■■■ Alabama substantive law is relevant to this court's inquiry, however, because in determining whether Health Partners must be joined under the Federal Rules of Civil Procedure, the court must "determine whether an insurance company would have the right under Alabama substantive law to bring the action" the Plaintiff has brought. *Id.* at

59; *see also* 6A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* 2d § 1544, at 340 ("To determine whether the requirement that the action be brought by the real party in interest has been satisfied, the court must look to the substantive law creating the right being sued upon....").

The Defendants contend that the Alabama Supreme Court's recent decision in *Ex parte State Farm Fire & Casualty Company,* No. 1981136, ―― So.2d ――, 2000 WL 46161 (Ala. Jan. 21, 2000), establishes that Health Partners is a real party in interest because Health Partners has an interest in the Plaintiff's recovery against the Defendants. The Defendants apparently do not contend that the insurance company was a real party in interest under Alabama law as it existed immediately prior to the Alabama Supreme Court's decision in *Ex parte State Farm Fire & Casualty Company.*

In *Ex parte State Farm Fire & Casualty Company,* the Alabama Supreme Court overruled an earlier case and returned to a previous rule regarding subrogation. *Id.* at *2. The substantive rule to which the court returned is that "while the doctrine of subrogation is of purely equitable origin and nature, it may be modified by contract." *Id.* at *3. The primary significance of the rule, for this case, is that while equitable principles require that an insured have a full recovery before an insurer has an interest in any recovery by the insured against a third party, those equitable principles do not control if the parties have otherwise agreed. *See id.*

In his brief in opposition to the Defendants' motion, the Plaintiff points out that the record before the court contains no subrogation agreement between the Plaintiff and Health Partners. This court asked the parties to provide to the court documentary evidence in support of, or in opposition to, the Defendants' motion. In response to this court's Order, the Defendants have provided the court with evidence of payments made by Health Partners on behalf of the Plaintiff, but the Defendants have not provided a copy

---

1. Federal Rule 17(a) states, "Every action shall be prosecuted in the name of the real party in     interest." Fed.R.Civ.Pro. 17(a).

of an insurance policy or any subrogation agreement between Health Partners and the Plaintiff. The only mention of a subrogation agreement in the documents provided to the court is in an interrogatory from the Defendants to the Plaintiff which asks whether an insurance company has subrogation rights over the amount paid, to which the Plaintiff responded, "Unknown at the time." *See* Documents Submitted in Support of Defendants' Motion to Add a Real Party in Interest Under Rule 17(a).

Although the Defendants have relied on an Alabama case which re-establishes that a subrogation interest can be created by contract even if there would be no present subrogation interest under equitable principles, in the absence of some evidence of a contractual provision which would give Health Partners a contractual interest in any recovery by the Plaintiff in this case, the court cannot conclude that Health Partners is a real party in interest under Alabama substantive law. *See Ex parte State Farm Fire & Casualty Company*, 2000 WL 46161 at *3. Since there is no evidence before the court to indicate that Health Partners is a real party in interest under the state substantive law, the Federal Rules of Civil Procedure do not compel joinder of Health Partners.

Even if the court assumes that Health Partners has a contractual right of subrogation which would give it an interest in any recovery by the Plaintiff, "any multiplicity of suit risk can be obviated by final judgment of the district court at the request of the defendant." *Dudley v. Smith,* 504 F.2d 979, 983 (5th Cir.1974).[2] The court finds, therefore, that the Motion to Add a Real Party in Interest is due to be DENIED.[3]

### III. *CONCLUSION*

For the reasons discussed, the Motion to Add a Real Party in Interest under Rule 17(a) (Doc. # 22) is due to be and is hereby ORDERED DENIED.

---

**2.** The Eleventh Circuit has adopted as binding all decisions rendered by the former Fifth Circuit prior to October 1, 1981. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc* ).

**3.** The Defendants, by letter, have conceded that *Dudley v. Smith* is "still good law," and have requested that they be protected against the risk of double recovery of medical expenses by the final judgment entered in the event of a Plaintiff's verdict. This will be done.