## FORT WORTH LLOYDS INS. CO. v. LANE.

### No. 13636.

Court of Civil Appeals of Texas. Dallas.

July 13, 1945.

Martin, Moore & Brewster, of Fort Worth, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

LOONEY, Justice.

Fort Worth Lloyds Insurance Company appealed from an adverse judgment rendered on one of its policies issued to Mrs. Mary P. Lane, insuring against loss or damage to her automobile from collisions. The case was submitted on an agreed statement of the facts. The policy contained a $50 deductible clause, also provided that "This policy does not apply: (a) Under any of the coverages, while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy and premiums charged therefor; * * *."

The only defense urged by appellant was based upon the alleged violation of the provision of the policy just quoted, in that at the time the automobile sustained damage it was being used as a public conveyance carrying passengers for hire from Dallas, Texas, to Little Rock, Arkansas; that such use had not been specifically declared and described in the policy and no premiums charged therefor.

The material facts are these: At the time of the accident in which the car was damaged, it was being driven by Harlan Lane, son of the plaintiff, and with her consent, although she was ignorant of the fact that he intended to carry, or did carry, passengers on the trip, or had ever used the car for such purpose. Harlan Lane was going to Little Rock on a business mission and, having an opportunity to carry three persons, did so, collecting from each a fare of $10. He arrived in Little Rock about 10 a.m. on the day of the accident, discharged the passengers and, after attending to the business that caused the trip, started alone on the return to Dallas about

1 p.m.; had reached a point about five miles outside the town of Denton, Arkansas, when, failing to negotiate a curve, the automobile left the highway, collided with several trees, turned over several times, and sustained damages to the extent of $354.40, for which amount, less $50 deductible under terms of the policy, the court rendered judgment in favor of appellee.

The only question presented on appeal is whether liability under the policy was suspended at the time of the accident; that is, while on the return trip to Dallas after the passengers had been discharged and the business purpose of the trip attended to.

Counsel for the parties admit that no case directly in point is available. Appellant argues, however, that the case should be ruled by the doctrine announced in cases dealing with the liability of a master for injuries to third persons occurring on the return trip of a servant who had departed on a purely personal mission, aside from the master's business. In such cases the courts hold that the master would not be liable for the acts of the servant on the return, any more than on the original trip. In Van Cleave v. Walker, Tex.Civ.App., 210 S.W. 767, 768, the court said: "The return of the automobile was an incident to its use, and if the use was for the benefit of the employé, and not in the service of the master, the entire transaction is to be regarded as for his own benefit." Hill v. Staats, Tex.Civ.App., 189 S.W. 85; and again in Bishop v. Farm & Home Savings & Loan Ass'n, Tex.Civ.App., 75 S.W.2d 285, Judge Hickman used the following language: "It is argued by appellant that, even though it should be admitted that Weaver went to San Angelo in the pursuit of his personal pleasure, the moment he formed the mental conception or determination to end it and re-embark on the business of his employer, he again resumed his duties and re-established the relationship of master and servant. This is the exact contention which was presented to this court in the recent case of Bresnan v. Republic Supply Co., supra [63 S.W.2d 1105].

We there gave it careful consideration, and declined to adopt it. It is, to our minds, an unsound proposition of law. The whole purpose of the trip was foreign to appellee's business, and the return was but a part of the trip, referable thereto rather than to the business of the employer. * * *" There are a number of other cases to the same effect decided by the courts of this State. It will be observed, however, that in these cases the purpose of the employe was entirely foreign to the master's business, and the return trip simply an incident to the departure; whilst in the instant case the purposed trip to Little Rock was to attend to business there, the carriage of passengers being simply incidental. A different question doubtless would have been presented, if the trip to Little Rock had been made for the purpose of carrying these passengers, as in that case the return, although without passengers, would have been merely an incident, and a part of the enterprise.

The policy in the instant case was not voided, but its operation simply suspended during the period the car was used for the purpose of carrying passengers. Considering a similar provision presented to the United States District Court, Western District of New York, in American Lumbermen's Mut. Cas. Co. of Illinois v. Wilcox, 16 F.Supp. 799, the court held that: "Provision that automobile liability policy shall not cover automobile while used to carry passengers for a consideration is applicable only in case of accident occurring while transportation is being given contrary thereto, and violation thereof does not work forfeiture of policy." The same doctrine is stated in Appleman on Automobile Liability Insurance, page 164, as follows: "Of course, coverage is prohibited only while passengers are actually in the process of being carried or until the bailment for hire has been discharged. The exclusion operates only to suspend coverage during that interval."

We are of opinion that the judgment of the court below was correct and is in all things affirmed.