FOURNET, Justice.
 

 Relatrix, Mrs. Esther Block Nyman, whose husband was killed by an automobile belonging to W. K. Weaver as it was being taken, on his instruction, to the Monteleone-Iberville Garage by one of the garage employees sent to the Monteleone Hotel to pick up the car for storage, applied for and was granted a writ of certiorari to review the judgment of the Court of Appeal for the Parish of Orleans affirming the judgment of the district court dismissing, on exceptions of no cause and no right of action, her suit for damages for the death of her husband in so far as it relates to the United States Fidelity and Guaranty Company of Maryland, the owner’s insurer. The writ was granted as a matter of right upon the applicant’s showing that the holding of the Court of Appeal for the Parish of Orleans is contrary to and in direct conflict with a judgment rendered by the Court of Appeal for the Second Circuit in the case of Donovan v. Standard Oil Co. of Louisiana, et al., La.App., 197 So. 320. Section 11 of Article VII of the Constitution of 1921.
 

 The well pleaded facts of the case as stated in plaintiff’s petition and which must be accepted as true for the purpose of disposing of the exceptions of no cause and no right of action, are that Weaver, upon arriving at the Monteleone Hotel on Saturday, July 29, 1944, at which hotel he intended to stay, had the Monteleone-Iberville Garage, Inc., notified that he desired to have his car stored there and one of the corporation’s employees, Warren Lewis, sent to pick up the car, while driving to the garage, skidded into and severely injured the plaintiff’s husband through his negligent and dangerous operation of the car, causing his subsequent death. Joined
 
 *380
 
 as parties defendant in the action were Lewis, the garage, Weaver, and his insurer.
 

 The basis of the plaintiff’s action against the insurer is grounded on what is known as the “omnibus clause” of the policy and it is the insurer’s contention that the injuries suffered by plaintiff’s husband resulted from a risk specifically excluded under the terms of this clause.
 

 Under the terms of the policy the im surer agreed, under Coverage A, “To pay on behalf of the insured all sums the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.” Under the definition of the word “insured” as used in coverage A, the term “insured” “includes the name insured, and,
 
 except where specifically stated to the
 
 contrary,
 
 also includes any person while using the anitomobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named
 
 insured.” Immediately following is the stipulation that “The insurance with respect to any person or organization other than the named insured does not apply ;
 
 *
 
 * * (c) t0 any person or organization, or to any agent or employee thereof; operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof.” (Italics ours.)
 

 The underscored portion in the above is commonly referred to as the “omnibus clause,” of the policy, and, as stated in Huddy’s Cyc. of Automobile Law, 9th Ed., Vol. 13-14, p. 405, such a clause is for the purpose of giving “additional assureds, other than the person named in the liability policy as assured, with certain specified limitations, the benefit of the policy. * •* * It extends protection to one ‘permitted’ to use the car, although the ‘assured’ may not be liable for the accident under the doctrine respondeat superior. The object of such clause is to cover the liability of the operator of the car as unnamed assured, and to protect any person so injured by giving him a cause of action against the insurer for injuries deemed by law to have been caused by the operation of the car. An employee, to be an ‘additional assured’ within the meaning of the omnibus clause, must be one who is using his employer’s automobile at the time of the accident, with permission of his employer.” See, also, Parks v. Hall, 189 La. 849, 181 So. 191.
 

 Unquestionably the car in the instant case was being used with the permission of the insured under the facts pleaded in the petition and without the limitation above referred to we think the plaintiff
 
 *382
 
 would be entitled to prosecute this suit against the insurer of Weaver, the owner of the car. The question that arises is whether the injury sustained in the instant case is one of those specifically stated to be exempt from the coverage in the omnibus clause within the intendment of the parties as stated in Sub-section C under the definition of the term “insured.”
 

 “An insurance policy is a contract and the rules established for the construction of written instruments apply to contracts of insurance.” 14 R.C.L. 925, Section 102. See, also, Wallace v. Insurance Co., 4 La. 289; Parks v. Hall, 189 La. 849, 181 So. 191; and Hemel v. State Farm Mutual Automobile Insurance Co., La. Sup., 1947, 29 So.2d 483. And under the express provisions of the Revised Civil Code, to be found in Section 5 of Chapter 3 of Title IV, under the heading “Of the Interpretation of Agreements,” it is provided that “courts are bound to give legal effect to all * * * contracts according to th.e true intent of all the parties,” and such “intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences.” Article 1945. In arriving at the intent of the parties “All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act.” Article 1955. It is only when a clause is susceptible of two interpretations that it must be understood in the sense in which it may have some effeet rather than in a sense that would render it nugatory (Article 1951) and only in doubtful cases that the agreement must be interpreted against the party who contracted the obligation. Article 1957.
 

 Just what was the intention of the parties in stipulating that “The insurance with respect to any person or organization other than the named insured does not apply: * * * (c) to any person or organization, or to any agent or employee thereof, operating an automobile, repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof”?
 

 The Court of Appeal for the Parish of Orleans in construing this provision declared that “if the permission to use or to operate the car is given to a garage, a service station or public parking place or to any other of the listed establishments or to any agent or employee thereof, then the omnibus clause ‘does not apply * * *■ to any accident arising out of the operation thereof.’ ”
 

 The Court of Appeal for the Second Circuit, interpreting a clause identical for all intents and purposes in the Donovan case, held that “The ‘actual use’ of the truck for the purpose named was with the ‘permission of the named insured.’ This provision relates only to the use of the vehicle, not to the identity of the person actually driving it” [197 So. 324], and rendered judgment in favor of the plaintiffs
 
 *384
 
 who were injured while riding in a truck owned by the Standard Oil Company of Louisiana but loaned to a service station for the purpose of taking a tire purchased by the plaintiffs to their car stalled some distance away on the highway with a flat, the truck at the time of the accident being driven by an employee of the service station from whom the tire was purchased.
 

 The plaintiff takes the position in the instant case that the exception to the coverage in this clause has no effect whatever unless the person killed is an employee of a public garage or parking place, and that it is, therefore, inapplicable in the instant case since the husband of the relatrix was a third person, an innocent bystander.
 

 While it may appear at first glance that the use of the automobile sought to be excluded is limited to accidents arising out of the use of the automobile by the class of persons engaged in the designated businesses, or their employees, a fair analysis of this provision, when considered with the entire contract, shows, we think, that the limitation is applicable to accidents arising out of the operation of an automobile repair shop, public garage, sales agency, service station or public parking place when the automobile is being used by the operators of such businesses or their employees with the permission of the named insured.
 

 Clearly the death of the husband of the relatrix in this case resulted from an accident that occurred while the insured car was being used with the permission of the insured by an employee of'a public parking place in the operation of that business and it is our opinion, therefore, that the district court and the Court of Appeal for the Parish of Orleans correctly concluded the injury was not covered under the terms of the policy and properly maintained the exceptions of no cause and no right of action filed by the insurer.
 

 For the reasons assigned the judgment complained of is affirmed.
 

 HAMITER, J., concurs in the decree.
 

 McCALEB, J., recused.