**Nicholas Curtis, Appellant, v. City of Chicago, Appellee.**

**Gen. No. 44,788.**

Opinion filed November 16, 1949. Released for publication December 14, 1949.

ASCHERMAN & FISCHL, of Chicago, for appellant; C. D. SNEWIND, of Chicago, of counsel.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, for appellee; L. LOUIS KARTON, Head of Appeals and Review Division, and HARRY H. POLLACK, Assistant Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This appeal arises from two suits filed in the municipal court of Chicago to recover damages to a parked automobile owned by Curtis and to a truck operated by Admiral Fuel Company, resulting from a collision between the fuel company's truck and a truck owned by the City of Chicago.

On the afternoon of July 9, 1947, trucks owned by the city and the fuel company were proceeding east on North avenue in the City of Chicago. The city truck was traveling in the eastbound streetcar tracks on North avenue and the fuel company's truck was being driven in the area between the eastbound tracks and the curb. When these trucks reached a point west of the intersection of California avenue they collided, causing the truck of the fuel company to veer into the automobile owned by Curtis, which was parked at the south curb of North avenue about thirty-five feet west of Mozart street.

██ August 13, 1947, the fuel company instituted suit against the city to recover damages resulting from the collision. On December 13, 1947, Curtis brought

suit against the fuel company and the city to recover for the damage to his automobile. Afterwards both suits were consolidated. In the case entitled *Admiral Fuel Company, Inc. v. City of Chicago* the jury returned a verdict in favor of the city, and in the case entitled *Nicholas Curtis v. Admiral Fuel Company, Inc. and the City of Chicago* the same jury returned a verdict finding both defendants guilty and assessed the damages against each defendant in the sum of $500. In *Curtis v. Admiral Fuel Company, Inc. and the City of Chicago* the trial court entered a judgment notwithstanding the verdict, in favor of the city, and on the fuel company's motion entered an order granting it a new trial. Curtis appealed from both orders. The city filed a motion to dismiss the appeal on the ground that the suit was still pending and undisposed of as to the fuel company. In his countersuggestions Curtis averred that in accordance with a stipulation signed by him and the fuel company, the fuel company was dismissed out of the case on April 14, 1949, in consideration of the payment of $275 to Curtis by the fuel company and the execution by Curtis of a covenant not to sue. Since no question is raised of the dismissal of the fuel company from the case, the city's motion to dismiss the appeal is denied.

The city's theory of the case as stated in its brief is: "that plaintiff's (Curtis) evidence failed to prove the material facts necessary to sustain the cause of action against the city, and that the judgment notwithstanding the verdict was proper; that separate verdicts were irregular in that they apportioned damages between joint tortfeasors and exceeded the *ad damnum,* and that in any event since the plaintiff can have but one satisfaction for his damages the payment to him of $275 by the fuel company for a covenant not to sue lessens the liability of the city that much in case the court should find the city liable."

██ The first question presented is whether the court was warranted in entering a judgment notwithstanding the verdict. Our courts have repeatedly held that a motion for judgment notwithstanding the verdict should be denied when all the evidence, considered together with all the reasonable inferences from it, in its aspect most favorable to the plaintiff tends to prove the material allegations of the complaint. (*Weinstein v. Metropolitan Life Ins. Co.*, 389 Ill. 571; *Todd v. S. S. Kresge Co.*, 384 Ill. 524; *Neering v. Illinois Cent. R. Co.*, 383 Ill. 366; *Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300.)

Curtis, the owner of the parked automobile, was not present when the truck of the fuel company collided with his automobile but heard the crash while he was employed in a dairy directly across the street from the scene of the accident. Immediately after the crash he came out of his place of employment and saw his car about twenty feet from the point where it had been parked. James Wilson, driver of the fuel company's truck, testified that he was driving a ton and a half Ford truck in an easterly direction on North avenue; that as he approached the safety island located on the southwest corner of California avenue and North avenue he saw the city truck almost abreast with his truck; that the driver of the city truck turned his truck into the side of the fuel truck; that extending from the right side of the city truck there was a piece of steel located immediately behind the cab of the truck, which extended out from the right side; that he felt something pushing his truck on the side toward the south curb into the parked automobile owned by Curtis; that examination of the fuel company's truck immediately after the accident disclosed that a piece had been cut out of the left top side of the truck; that the city truck was painted yellow and the fuel company's truck painted black; that there was yellow paint

65

all over the side of the body; and that an examination of the city truck showed black paint on the "gadget" that was projecting from its right side.

Edward Kenderski, driver of the city truck, testified that as he proceeded east on North avenue the front wheels and inside rear wheels of his truck were in the eastbound car tracks; that when he came to Mozart street he felt a "sort of a little thud" on the right side of his truck and shortly thereafter heard a crash; that after he heard the crash he looked back and saw the Curtis automobile in the middle of the street; that he stopped his truck at the stoplight at California avenue and went back to the point which was approximately twenty or thirty feet west of Mozart street, where he observed that Curtis' car was approximately seven feet from the south curb facing in a northeasterly direction, and that after the accident he observed red paint on the right rear fender of his truck just above the right wheel.

David Appelbaum, an official of the fuel company, testified that about mid-afternoon he arrived at the scene of the occurrence and found the fuel truck on the south curb of North avenue approximately two hundred feet west of the intersection of California avenue; that the left-hand panel of the body of the fuel truck near the rear of the cab and about shoulder-high had a horizontal gash which penetrated the steel body of the truck.

██ ██ While there is some conflict in the testimony with respect to the distance between the intersection of California avenue and the point where the collision between the trucks operated by the fuel company and the city took place and the size of the so-called "gadget" or metal projection on the city's truck, and in several other details, we think that there was evidence to prove all the material allegations of the complaint, warranting submission of the case to the jury,

and, since the city did not file a motion for a new trial, we are impelled to remand the cause with directions to enter judgment on the verdict. (*DeLeuw, Cather & Co. v. City of Joliet,* 327 Ill. App. 453.)

■ ■ Plaintiff argues that since this is a tort action he has a right to collect the entire judgment against one or both of the defendants and that it is quite obvious that the jury intended to render a verdict totaling $1,000 in favor of the plaintiff. We think this position is untenable. In his statement of claim against the fuel company and the city the amount claimed by Curtis was $451.35 and costs. Curtis says that a motion was made orally at the time of the trial to increase the *ad damnum* which was allowed. But it does not appear of record. This court is bound by the record. Since the fuel company and the city were sued as joint tortfeasors, the damages could not exceed the *ad damnum* fixed in the statement of claim amounting to $451.35.

■■ There can be only one recovery of the amount claimed in the statement of claim and the city will have a right to show a partial satisfaction of Curtis' damages in order to diminish the amount of damages recoverable from the city. (*Stoewsand v. Checker Taxi Co.,* 331 Ill. App. 192; *Bejnarowicz v. Bakos,* 332 Ill. App. 151; *Aldridge v. Morris,* 337 Ill. App. 369.) Since it is admitted by Curtis that he received a partial settlement of his claim amounting to $275, judgment should be entered for the balance against the City of Chicago, thus permitting only a single recovery by Curtis for the damages sustained.

For the reasons given, the judgment is reversed and the cause is remanded with directions to enter judgment in favor of Nicholas Curtis and against the City of Chicago in the sum of $176.35 and costs.

*Reversed and remanded with directions.*

BURKE and KILEY, JJ., concur.