AYRES, -Judge.
This is an action on an insurance policy. The property insured is described as one mortar mixer and miscellaneous equipment consisting of wheelbarrows, shovels, hose, trowels, and similar equipment used in bricklaying. The direct loss or damage of the aforesaid property was insured against the perils of fire, lightning, windstorm, hail, explosion, riot, flood, collapse of bridges, accident to transporting conveyance, and theft.
Plaintiff’s claim is for the value of a masonry saw allegedly destroyed in a purported accident while being transported by truck.
To plaintiff’s action, defendant filed and successfully urged an exception of no cause *858 and of no right of action. From a judgment thus rejecting plaintiff's demands, this appeal is prosecuted.
The manner of the occurrence of the accident, as alleged to1 have taken place, may be first briefly detailed. The accident occurred at the intersection of Canal Boulevard and Meadow Avenue in the City of Shreveport, a four-way-stop intersection. Plaintiff was proceeding south on Canal Boulevard in a Chevrolet truck, in the rear of which was the masonry saw. On reaching the intersection he stopped in obedience to a sign requiring all traffic on either street to stop before entering the intersection. Similar action was taken by a motorist approaching the intersection from the west on Meadow Avenue. However, after plaintiff proceeded forward, he, due to the other motorist’s sudden and rapid starting and acceleration of her speed, “slammed” on his brakes to avert an apparently imminent and impending collision between the two vehicles. As a result of the sudden application of his brakes, the truck was brought to a halt and a collision was avoided. Nevertheless, the masonry saw, thrown against the cab and bed of the truck, toppled overboard and fell to the pavement. It struck the side of the truck as it fell.
The basis of the exception is that the policy covers only such loss or damage to the property insured as results from an accident to the transporting conveyance, that is, from an accident to the truck in which the machine was then being transported, and that the sudden application of brakes to the transporting vehicle, which resulted in no damage or injury to the conveyance itself, was not an accident to the conveyance.
An accident is defined by Webster’s International Dictionary, Second Edition, as “An event that takes place without one’s foresight or expectation; an undesigned, sudden, and unexpected event.” However, “accident,” in the legal signification, is more difficult to define. It is not a technical legal term with a clearly-defined meaning. It denotes, however, an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore, unexpected, or an event happening by chance, without any human agency, or, if happening through human agency, an event which, under the circumstances, is unusual or unexpected to the person to whom it happens, and is thus distinguished from an act committed willfully or intentionally.
There is a difference between that which is, in law, termed accidental and that which is intentional. That is, when an act is done which naturally, reasonably, or probably, from its nature or the manner in which it is done, produces a certain result, the result is intentional and not accidental because the act, as done in that way, is intentional.
In the instant case, plaintiff, with deliberation, applied his brakes. His intention was to suddenly reduce and stop the movement of his vehicle. The act of applying his brakes was voluntary on his part and the result accomplished was what he intended. Thus, both the act of plaintiff and the result of his action were willful and intentional. There was, therefore, no unusual or unexpected result to the vehicle attending the performance of a usual and necessary act. As pointed out, plaintiff purposely applied his brakes to stop his truck and only that purpose was accomplished so far as the vehicle itself was concerned. Hence, it can only be concluded there was no accident to the transporting conveyance. Therefore, it cannot be said the alleged damage was due directly to an accident to the transporting conveyance.
From the policy provisions, the intention is clear that the loss or damage to the property insured must result directly from one, or more, of the perils insured against, that is, in the instant case, from an accident to the transporting conveyance itself and not to an accident independent there *859 of and involving only the property insured. This intention is made manifest by the language appertaining to exclusions under the policy. For instance, it is stated:
“This Policy Does Not Insure Against:
* * * * * *
“(d) Breakage of brittle or fragile articles and parts, nor marring or scratching of the property insured unless caused by * * * Accident to Conveyance transporting the property insured.”
(Emphasis supplied.)
The parties are at liberty to select the type of risks to be covered, the limits of liability, and any other provisions not inconsistent with public policy or otherwise prohibited by law. The insurance contract sued upon is not a statutory policy. The liability is only such as provided in the contract and in the endorsements attached thereto.
A policy of insurance is a contract between the parties and, so far as they are concerned, it is the law of the case, and the rules for its interpretation are the same as for the interpretation of agreements generally, and, where the language used is clear and expresses the intention of the parties, the contract is enforced as written. LSA-C.C. arts. 1901, 1945, 1946. Kendrick v. C. N. Mason Co. et al., 234 La. 271, 99 So.2d 108; Albritton et al. v. Fireman’s Fund Ins. Co., 224 La. 522, 70 So.2d 111; Oil Well Supply Co. v. New York Life Ins. Co., 214 La. 772, 38 So.2d 777; Nyman v. Monteleone-Iberville Garage et al., 211 La. 375, 30 So.2d 123; King v. Mason et al., La.App., 95 So.2d 705.
The occurrence, as alleged, did not include an accident to the conveyance transporting the property insured, as we have heretofore pointed out. If loss or damage occasioned by accidents other than accidents to the conveyance itself, or from any accident whatsoever, had been intended to be insured, appropriate language could have been employed to include such loss or damage. Kennedy v. Audubon Insurance Co., La.App., 82 So.2d 91; Weinberger Banana Co. v. Phoenix Assur. Co., Limited, of London, 5 Cir., 74 F.2d 539.
Inasmuch as it clearly appears, from plaintiff’s petition, that the loss and damage sustained by him was not due to, or brought about by, an accident to his truck in which the property was being conveyed, the conclusion is inescapable that the policy afforded no coverage for the loss sustained and that, accordingly, the judgment sustaining the exception is correct.
The judgment appealed is, therefore, affirmed at appellant’s cost.
Affirmed.