Jambs H. O’Connor, J.
This action was commenced and submitted to the court upon an agreed statement of facts pursuant to CPLR 3222.
The court is asked to decide upon the agreed facts, whether the plaintiff herein, Nationwide Mutual Insurance Company, is required to defend and pay, upon proof of liability, a certain action brought for damages arising out of a motor vehicle accident which occurred on May 29, 1963.
The facts upon which this controversy depend are briefly as follows: On May 29,1963 one Henry Yaw was a gasoline service station proprietor. At approximately 2:00 p.m. on that day, Mr. Yaw received a telephone call from the wife of Donald E. Culbertson requesting that he pick up the Culbertson automobile for the purpose of washing the car. Mr. Yaw travelled the one and one-half miles from his service station to the Culbertson residence, picked up the Culbertson car and drove it to his service station where it was washed. When the washing was completed, Mr. Yaw was returning the automobile to the Culbertson residence when he was involved in a serious accident. This occurred some distance north of his service station and happened at approximately 6:00 p.m. It is undisputed that the vehicle was owned by Donald E. Culbertson and was being driven by Mr. Yaw with his permission and consent. It is also undisputed that Mr. Yaw as the owner of the service station and his employee performed all of those duties and activities which are usually performed in the operation of a gas service station including the washing of automobiles, the lubrication and servicing thereof, the making of minor repairs and the sale of gasoline products used in the operation and maintenance of motor vehicles.
In a deposition attached to the agreed statement of facts, Mr. Yaw testified that the service of picking up and delivering of motor vehicles for customers was a service which Mr. Yaw would perform for any of his customers if they requested it. There was no additional charge for the pickup and delivery over and above the regular charge for a wash. The accident occurred during the normal working hours of the service station.
At the time of the accident, Nationwide Mutual Insurance Company, hereinafter called the plaintiff, had issued a policy of insurance to Donald E. Culbertson. This policy provided in part as follows:
*709 “ O. PROPERTY DAMAGE & BODILY INJURY — LIABILITY
“ To pay all sums which those entitled to protection become legally obligated to pay as damages arising out of the ownership, maintenance or use, including loading and unloading, of the described automobile because of:
“ (1) destruction or damage of property including loss of use thereof;
“ (2) bodily injury, sickness, disease or death of any person except for liability under any workmen’s compensation law. Those entitled to protection under these Coverages C(l) and C(2) are (a) the Policyholder; (b) any resident of the same household; and (c) any person or organization legally responsible for the use of the described automobile, provided the actual use was with the permission of the Policyholder or his spouse if such a resident.”
However, the plaintiff’s policy contained the following exclusions:
‘ ‘ There shall be no protection afforded: # *
“ (2) under coverages C(l) and C(2), to any person or organization or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any occurrence arising out of the operation thereof ’ ’.
The Exchange Mutual Insurance Company, hereinafter called the defendant, had issued a policy of insurance to Mr. Yaw, known as a garage liability policy. This policy was in full force and effect at the time of the accident. The defendant’s policy would at least afford coverage to Mr. Yaw on a secondary basis. In the action commenced by the person injured in the accident the plaintiff provided a defense for Donald E. Culbertson and the defendant provided a defense for Henry Yaw. The defendant has requested and demanded that -the plaintiff take over the defense of Henry Yaw and pay any judgment rendered against him within the limits of its policy. The plaintiff, on the other hand, has refused to defend Henry Yaw or to pay any judgment against him on the ground that there is no coverage under its policy by reason of the afore-mentioned exclusion. The defendant however contends that the exclusion does not apply and that Henry Yaw is an additional insured under the plaintiff’s policy and that the plaintiff’s coverage is primary and that its own obligation to pay comes into being only after the plaintiff has paid any judgment up to the limits of its coverage.
The issue to be decided by this court is whether or not the exclusion set forth in the plaintiff’s policy applies to Henry Yaw. *710 In other words, under the agreed facts, is Mr. Yaw an agent of Mr. Donald E. Culbertson as he is returning the vehicle as requested or is he an independent contractor completing the work for which he contracted? The plaintiff contends that Mr. Yaw is the latter and the defendant that he is the former. In addition to this basic issue, the defendant claims that the exclusionary language in the plaintiff’s policy is ambiguous. It claims that there is an exception to the exclusion which, in effect, prevents the exclusion from operating, where the vehicle is being operated by an agent or an employee of the insured. Since the defendant claims that Mr. Yaw was an agent of Mr. Culbertson his status, it is claimed, is governed by the exception to the exclusion clause. In any event, the defendant claims that the excepting language in the exclusionary clause is subject to more than one meaning and therefore must be construed against the insurer, to wit, the plaintiff herein.
At the outset, the court is of the opinion that it need not answer the question of ambiguity. In resolving this dispute, only two questions must be answered. First, was Mr. Yaw a person operating a service station at the time of the accident and did the accident arise out of the operation thereof? Second, could Mr. Yaw be at the same time an agent of Mr. Culbertson? It is the opinion of this court that the answer to the first question will negate the second. Let us examine the answer to the first question.
There is no dispute that Mr. Yaw was a person who operated a service station, but there is a dispute that at the time the accident occurred he was engaged in an activity in furtherance of the service station operations. Unfortunately, there have been no reported cases brought to this court’s attention which have interpreted the specific language of the exclusion in controversy. However, this court has reviewed the interpretations of other jurisdictions in fact situations similar to this. The leading case is Wendt v. Wallace (185 Minn. 189). In that case the operator of a public storage garage agreed to deliver cars to their owners as needed. In response to a telephone call from one of the owners the employee of the garage owner was in the process of delivering a car when an accident occurred. The car owner’s policy contained exclusionary language which is almost verbatim with the exclusionary language in the instant case. In holding that delivery of the car was an operation of a public garage the court said (p. 191): “ At the time of the accident he was doing one of the very things that constituted the ‘ operation ’ of the garage. The delivery of the car was a contractual duty *711 which Gamble owed to his customer * * * Certainly the work done by Oman was work ‘ arising out of the operation thereof ’ (garage). We think the delivery of the car, under the circumstances, was included in the ‘ operation ’ of a public garage.”
This decision sets forth the basic reasoning for the exclusionary clause when the court said (pp. 190-191): “ The language in the policy is plain. The intent is clear. Coverage was extended to those driving with permission of the assured. It is equally plain and clear that the company saw fit to limit the extended coverage so as to eliminate the class of risks arising from the handling and operation of the car by persons identified and connected with repair shops, public garages, sales agencies, and service stations. * * * Such limitation is based upon reason. The owner does not grant permission to these individuals. Individually they are usually unknown to them. They are in quite a distinct group from persons to whom an ordinary assured usually gives permission to drive his car. The chance of accidents while the car is in the hands of the excluded class is probably greater. Indeed, it is highly probable that those in the excluded class are covered by policies held by their employers who pay a premium commensurate with the risk involved. To include the excluded class in the ordinary policy would tend only to increase the premium therefor and put a burden upon the insurer which does not in reason or in principle belong to him. We see no special benefit to the assured to have the policy cover the excluded risk. Obviously the intention was to exclude the obligation, otherwise assumed, both to the one using or handling the car and to the one legally responsible for its use.”
Other jurisdictions in similar situations have construed the exclusionary clause of the contract as excluding coverage. (Pennsylvania Thresherman & Farmers Mut. Cas. Ins. Co. v. Travelers Ins. Co., 233 Md. 205; Dixie Auto. Ins. Corp. v. Mason, 155 So. 2d 172 [Fla.]; Paine v. Finkler Motor Car Co., 220 Wis. 9; Clostio’s Heirs v. Sinclair Refining Co., 36 So. 2d 283 [La.].)
The defendant relies quite heavily on the case of Goforth v. Allstate Ins. Co. (220 F. Supp. 616). In this case a car owner granted permission to a garageman to drive his automobile to the garage for the purpose of repair work. On the way to the garage an accident occurred. The question involved was the interpretation of the exclusionary clause in the owner’s policy. The court held that the garageman was an additional insured by reason of using the automobile with the express permission of the named insured. However, that case had different exclu *712 sionary language and the policy attempted to define what the services were in operating an automobile business. Since the policy did not say that automobile business also included “ transportation ’ ’, the service performed in that case was not excluded from the policy. This is a far different situation and called for a different interpretation than the exclusionary clause before this court. There the contract itself defined the elements of an automobile business and attempted to do so by defining each and every service performed in such a business. The exclusionary language in this case merely says that coverage will be excluded to a person who operates a service station with respect to any occurrence arising out of the operation thereof. Therefore, there can be and are other services rendered by a service station which are in furtherance of its operation than those services categorized in the Goforth case.
Thus, it is this court’s opinion that based on similar cases in other jurisdictions and the clear and precise meaning of the words used in the plaintiff’s exclusionary clause that Mr. Yaw was a person who operated a service station at the time of the accident and that the accident happened during and in the course of the operation of his service station. There is no question 'that he agreed with Mrs. Culbertson to procure and deliver her vehicle as well as wash it for a stated price. In carrying out the terms of that contract, the accident happened.
In resolving the second question proposed above it is quite clear that Mr. Yaw could not be engaged in the furtherance of his own business activities and at the same time be classified as the agent of Mr. Culbertson. It has long been held in this State that a garage owner is a bailee or independent contractor when a vehicle is delivered to him for purpose of repairs and that he is not the agent of the person to whom the vehicle belonged. (Perry v. Fox, 93 Misc. 89; McCloskey v. Nagel, 206 App. Div. 467.) It would be straining legal concepts to suppose that an independent contractor engaged in his own business for profit could at the same time and in furtherance of his business be categorized in the doing of that business as the agent of another. It is this court’s opinion that under these facts Mr. Yaw could not be both but must be either. Thus, it is the opinion of this court that the plaintiff need not defend or pay judgment on account of the action brought against Mr. Yaw.