**CANAL INSURANCE COMPANY, Inc.,**
**Appellant,**

v.

**GENSCO, INC., et al., Appellees.**

No. 14484.

Court of Civil Appeals of Texas.

San Antonio.

June 15, 1966.

Rehearing Denied July 13, 1966.

James G. Murry, San Antonio, for appellant.

Wiley & Thornton, San Antonio, for appellees.

BARROW, Justice.

This is a declaratory judgment action to determine the nature and extent of coverage on a 1959 White truck-tractor involved in an automobile accident on October 13, 1964. Appellant, Canal Insurance Company, ap-

peals from a judgment rendered following a nonjury trial declaring that its policy afforded primary coverage to appellees, Gensco, Inc., Charles W. Burch and Lee Edward Goffney, and that a policy issued by appellee Employers Casualty Company afforded only excess coverage.

Appellant asserts that its policy does not apply in that the vehicle, as a matter of law, was being used as a "public or livery conveyance" at the time of the accident within the exclusion of said policy,[1] and that it is not estopped from asserting this exclusion. Alternatively, it urges that the two policies should provide equal coverage.

Findings of fact and conclusions of law were filed by the trial court. Under these findings and the undisputed evidence, the following facts are established. Burch, a resident of Houston, was in the business of leasing tractor-trailers. About August 5, 1964, Burch agreed to indefinitely lease three tractors and four trailers to Gensco, Inc., a Texas corporation doing business in Uvalde County, Texas. The 1959 White truck in question was subsequently purchased by Burch and picked up from the dealer by a Gensco driver. Thereafter it was used by Gensco to haul only products owned by Gensco, and not by or for any other party. Shortly after securing the units, Gensco notified Burch that, contrary to the written provisions of the lease, someone connected with the State of Texas required Burch as lessor, to secure a policy of insurance on the vehicles, providing primary coverage. Burch agreed to do this pursuant to Gensco's demand.

On September 16, 1964, Burch secured a policy of insurance from appellant covering the leased vehicles, including the 1959 White tractor. The policy describes the occupation of the insured as "Truckman-Gensco Co.—Uvalde, Texas." Appellant's agent had one or more conversations with Gensco in connection with the issuance of this policy, and the trial court found on conflicting evidence that appellant had knowledge of the lease from Burch to Gensco at the time the policy was issued. A certificate of insurance which required ten days written notice of cancellation was sent to Gensco by appellant at Burch's request. This policy was in full force and effect and the unit was being operated by Goffney, driver for Gensco, at the time of the accident.

Appellee Employers Casualty Company issued a policy to Gensco, effective from January 1, 1964, to January 1, 1965, which covered all of Gensco's non-owned vehicles and provided automatic coverage upon the 1959 White tractor as of the date it was first used by Gensco. After the certificate of insurance was furnished by appellant, Gensco was given a 95% discount of the "cost of hire" premium by Employers. The Employers' policy provides that the insurance under same with respect to loss arising out of the use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.

It is fundamental that for the "public or livery conveyance" exclusion to apply, it is not enough that Burch be in the rental business, but the named vehicle must actually have been used as a "public or livery conveyance" at the time of the accident. Ft. Worth Lloyds Ins. Co. v. Lane, Tex.Civ.App., 189 S.W.2d 78. The test usually applied by the Courts dealing with the construction and effect of this exclusion clause seems to be whether or not the insured vehicle has been held out to the general public for carrying passengers, and at the time of the accident was actually so used. 30 A.L.R.2d 273; Couch on Insurance 2d, § 45:1040; Lakeshore Development Corp. v. Gulf Ins. Co., 353 F.2d 163

1. "This policy does not apply:
    (A) except under division 2 of coverage C (inapplicable here), while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy; * * *."

(5th Cir.); Allor v. Dubay, 317 Mich. 281, 26 N.W.2d 772; St. Paul Mercury Ind. Co. v. Knoph, 89 N.E.2d 63 (Minn.1958); Pimper v. National American Fire Ins. Co., 139 Neb. 109, 296 N.W. 465; Elliott v. Behner, 150 Kan. 876, 96 P.2d 852 (Kansas).

Under Texas law, as well as several of the above jurisdictions, this exclusion applies also if the insured vehicle is held out to the general public for carrying freight and is being so used. Concordia Fire Ins. Co. v. Nelson, Tex.Civ.App., 221 S.W.2d 320, wr. ref. n. r. e.; Sonoco Products Co. v. Travelers Ind. Co., 315 F.2d 126 (10th Cir.).

It is our opinion that this exclusion is not applicable to the facts presented by this case, which show that the insured vehicle was leased exclusively to Gensco and used by it to haul only its own products. This vehicle was not available for rent to the public generally. Cf. Concordia Fire Ins. Co. v. Nelson, supra; Sonoco Products Co. v. Travelers Ind. Co., supra. The truck was not being used as a "public or livery conveyance" at the time of the accident.

Furthermore, appellant is precluded under the facts in this case from asserting that the policy did not cover the specific situation for which the policy was secured. The trial court found that Burch specifically ordered this policy to provide primary coverage to Gensco and that appellant, with full knowledge of this lease accepted the premium for this type of risk and issued the policy. These findings are fully supported by the testimony of Burch, Mr. Davis, general manager of Gensco, and Mrs. Brandt, secretary of the insurance agency with whom Burch placed this insurance. By issuance of its policy with full knowledge of the lease, appellant waived its right to rely on this exclusion. National Fire Ins. Co. v. Carter, Tex.Com. App., 257 S.W. 531; Liverpool & London & Globe Ins. Co. v. Ende, 65 Tex. 118 (1885); Old Colony Ins. Co. v. Messer, Tex.Civ.App., 328 S.W.2d 335, wr. ref. n. r. e.; Appleman, Insurance Law & Practice, § 9251. It is unnecessary to discuss the effect of appellant's payment of a claim on a subsequent accident involving this insured vehicle.

The trial court properly held that appellant's policy provided valid and collectible insurance on the insured vehicle at the time of the accident. Under the express terms of appellant's policy, it afforded pro rata insurance with all other valid and collectible insurance. On the other hand, the express terms of the Employers' policy concerning rented or non-owned vehicles provided excess insurance only over all other valid and collectible insurance. In this situation, the courts uniformly give full effect to the excess clause and require the primary policy to be exhausted before the excess coverage policy becomes effective. Great American Ind. Co. v. McMenamin, Tex.Civ.App., 134 S.W.2d 734 (wr. dism. correct judg.); Citizens Mutual Auto. Ins. Co. v. Liberty Mutual Ins. Co., 273 F.2d 189 (6th Cir. 1959); American Surety Co. v. Canal Insurance Co., 258 F.2d 934 (4th Cir. 1958); United Services Auto. Ass'n v. Russom, 241 F.2d 296 (5th Cir. 1957); Zurich General Accident & Liability Ins. Co. v. Clamor, 124 F.2d 717 (7th Cir. 1941); Appleman, Insurance Law and Practice, § 4914.

The judgment of the trial court is affirmed.