GLADNEY, Judge.
Plaintiff instituted this action to recover damages for injuries sustained by him in an automobile collision on March 19, 1965. Named as defendant is the Transamerica Insurance Company, insurer of plaintiffs automobile, plaintiff invoking the uninsured motorist clause in the policy issued to him on October 16, 1964. The policy as issued was for a period of one year and was written through the Thomas E. Williamson Agency of Winnsboro, Louisiana. The insurer defended on the ground that the policy was effectively cancelled as of February 1, 1965. Following trial on the merits the court rejected plaintiffs demands against the defendant-insurer.
The first contention of appellant is that the policy was not properly cancelled because the notice of cancellation came from the Williamson Agency and not from the Transamerica Insurance Company, and second, that by agreement between plaintiff and the Williamson Agency, the latter agreed to finance the premium and therefore neither the agency nor the Transameri-ca Insurance Company could validly cancel the policy of insurance.
The pertinent facts leading up to the cancellation of the policy in question disclose that it was issued to plaintiff effective from October 16, 1964 through October 16, 1965 for a total premium of $47.00. At the time the policy was procured Anderson delivered his check for $13.15 and made an arrangement with the agency to pay the balance within six months at the monthly rate of $7.05. Plaintiff’s check was dishonored but later paid upon redeposit. A payment by plaintiff of $7.05 'was made on November 9, 1964 and thereafter he failed to comply with the terms of the agreement as to monthly payments.
On January 5, 1965 Anderson was advised that he was delinquent two payments and when this demand was ignored written notice on January 22, 1965 was given-to the insured that the policy would be can-celled, effective February 1, 1965, and that the pro rata part of the unearned premium would be refunded as soon as practicable after cancellation. The notice forwarded by certified mail was receipted for by plaintiff’s wife. Anderson took no further steps in the matter prior to the accident of March 19, 1965 wherein he received serious injuries.
Subject to statutory limitations, a policy of insurance is a contract between the parties and as between them it constitutes the law of the case. The rules of its interpretation are the same as for agreements generally and where the language is *760 clear and expresses the intention of the parties, a contract will be enforced by the court as written. LSA-C.C. Arts. 1901, 1945, 1946. Nyman v. Monteleone-Iberville Garage, 211 La. 375, 30 So.2d 123 (1947); Oil Well Supply Company v. New York Life Insurance Company, 214 La. 772, 38 So.2d 777 (1949); Albritton v. Fireman’s Fund Insurance Company, 224 La. 522, 70 So.2d 111 (1954); King v. Mason, La. App., 95 So.2d 705 (2nd Cir. 1957); Kendrick v. C. N. Mason Company, 234 La. 271, 99 So.2d 108 (1958); Velotta v. Western Fire Insurance Company, La.App., 121 So.2d 857 (2nd Cir. 1960).
In the instant case the policy provides for its cancellation by the insured or by the insurer, the provisions for cancellation by the insurer reading:
“This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when, not less than ten days after such cancellation, shall be effective. The mailing of the notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy. Delivery of such written notice either by the named insured or by the Company shall be equivalent mailing.”
Also relevant to the question of cancellation are provisions of LSA-R.S. 22:636, which, insofar as pertinent, are as follows:
“§ 636. Cancellation by insurer.
“A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following :
“(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
* * * * *
“B. The mailing of any such notice-shall be effected by depositing it in a. sealed envelope, directed to the addressee-at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United' States Post Office. The insurer shall retain in its records any such item so ■ mailed, together with its envelope, which was returned by the Post Office upon-failure to find, or deliver the mailing to-the addressee.
* * * * * *
“D. The portion of any premium paid', to the insurer on account of the policy,. unearned because of the cancellation and in amount as computed on the pro rata, basis, must be actually paid to the insured or other person entitled thereto as-shown by the policy or by any endorsement thereon, or be mailed to the insured or such person as soon as prac- ■ ticable following such cancellation. Any-such payment may be made by cash, or by • check, bank draft, or money order.”
[LSA-R.S. 22:636]
Counsel for appellant does not take-exception to the failure of the written notice to postdate the effective time of cancellation ten days as provided in the policy... However, the insured has not been prejudiced thereby, and the discrepancy is immaterial.
The first argument made on behalf of appellant is that the policy was not properly cancelled as the notice of cancellation was given by the Williamson Agency and not by the insurer. The notice was-signed “Transamerica Insurance Company,, by Thomas E. Williamson.” When the-policy was written it was signed “By Thom- • as E. Williamson, authorized representative.” During the trial an employee of Wil— *761 liamson testified to the exact manner in which the cancellation was handled, her testimony disclosing that it was accomplished with the authority and consent of the insurer. Payment of the return premium as required by LSA-R.S. 22:636, subd. D was made on April S. 1965. Thus cancellation was in accordance with the conditions imposed in the policy and in the provisions of LSA-R.S. 22:636, supra.
The second argument advanced by plaintiff to indicate that the cancellation was without effect asserts that the agreement between the Williamson Agency and plaintiff for financing the premium created a contractual obligation which both the agency and the Transamerica Insurance Company were bound to respect during the period of the policy, and prohibited a cancellation thereof. The testimony reveals that plaintiff failed to perform his part of the agreement for payment of the premium through monthly payments for a period covering six months. Undisputed testimony discloses that after a payment on November 9 the insured became delinquent in two payments and after being notified thereof, took no further action thereafter to offset his delinquency. Having breached his agreement to pay the premium in a certain manner within a given time, Anderson cannot now assert there were no grounds for cancellation of the policy. As prescribed in the policy, upon compliance with its requirements as to notice and the conditions imposed by LSA-R.S. 22:636 the policy was subject to cancellation, irrespective of full payment of the premium.
The record discloses, in our opinion, that the Williamson Insurance Agency had full authority to represent the insurer in taking steps for the cancellation of the policy and did so with its consent and approval; that proof was made that all conditions required by the provisions of the insurance policy and by the insurance laws of this state were fully complied with by the insurer acting through its authorized representative; and that as a consequence the policy was effectively cancelled prior to March 19, 1965 and there was no liability imposed upon the insurer for the injuries sustained by appellant.
Accordingly, the judgment is affirmed at appellant’s cost.