**ALLSTATE INSURANCE COMPANY, Appellant,**

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellee.**

**No. 228.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 19, 1969.

Rehearing Denied April 16, 1969.

Alice Giessel, Talbert, Giessel, Barnett & Stone, Houston, for appellant.

Russell Talbott, Stephen D. Susman, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

TUNKS, Chief Justice.

On April 23, 1963, M. O. Hand was the owner of an automobile. On that date Bill McDavid Oldsmobile, Inc., (hereafter called "McDavid") at the owner's request, sent its employee to Mrs. Hand's place of employment to pick up the Hand automobile and drive it into the shop for repairs. While the employee was driving the Hand automobile to the shop it collided with another car, damaging the other car and its occupants. The owner of the other car filed suit against McDavid, its employee and Hand seeking a recovery for the damage to his car and the injuries to its occupants who were his wife and child.

At the time of the collision the appellant, Allstate Insurance Company, had in force a family automobile policy covering the automobile owned by Hand. The appellee,

Universal Underwriters Insurance Company, had in force a garage liability policy covering McDavid's operations. Both carriers had prompt notice of the collision. When suit was filed both McDavid and Universal demanded of Allstate that it defend McDavid and its employee. Allstate refused to do so. Allstate did, however, defend Hand, established on motion for summary judgment that he was not liable and procured the dismissal of the suit against him. Universal, on Allstate's refusal to do so, entered a defense for McDavid and its employee. It thereupon conducted an investigation of plaintiff's claims, negotiated a reasonable settlement and entered an agreed judgment disposing of the case growing out of the collision.

The Allstate policy covering Hand had an omnibus clause covering those driving his car with his permission. The policy also had a provision excluding coverage under the omnibus provision while the car was being "used in the automobile business." The policy defined "automobile business" as used therein, as "the business or occupation of selling, repairing, servicing, storing or parking automobiles." It is conceded that McDavid and its employee were covered by the Allstate policy unless such coverage was excluded by the above noted provision excluding coverage while the car was being "used in the automobile business."

■ The "other insurance" provision of the Allstate policy was a prorata provision. The "other insurance" provision of the Universal policy with regard to a non-owned automobile provided excess coverage. There seems to be no dispute that if the Allstate policy afforded any coverage to McDavid and its employee, Allstate had the primary coverage to the extent of its limits and Universal's liability was as to the excess. See Canal Ins. Co. v. Gensco, Inc., Tex.Civ.App., 404 S.W.2d 908, no writ hist.

After it had settled the suit against McDavid and its employee Universal filed suit against Allstate seeking to recover the amount it had paid in settlement, together with its expense of investigation and attorney fees. The settlement was for $6,-257.17, an amount within the limits of the Allstate policy. The facts were stipulated and each party filed motion for summary judgment. The trial court granted the motion for summary judgment of Universal and overruled that of Allstate. Allstate perfected appeal. We affirm the judgment of the trial court.

Each of the attorneys has presented this Court with an excellent brief reflecting an exhaustive research of the relevant judicial opinions of this jurisdiction and others. The Texas case cited involving a fact situation closest in similarity to that here involved is Western Alliance Ins. Co. v. Cox, Tex.Civ.App., 394 S.W.2d 238, ref., n. r. e. In that case the automobile insurance policy involved had an omnibus clause and excluded coverage of the non-owner while the car was being "used in the automobile business." That exclusionary clause, including the definition of "automobile business," was in the same language as that in the Allstate policy here. The owner of the car took it to a service station to have it serviced. The son of the station owner was there at the time. The owner of the car asked the son of the station owner to take him to his place of employment and bring the car back for servicing. The son took the owner to work and on the way back to the station had a collision. The Court held that the car was not being used in the business of the service station at the time of the collision.

■ The appellant suggests distinctions between those facts and the facts here involved. There the driver of the car was not an employee of the service station and was not driving at the request or order of the station owner. However, it is to be noted that the exclusion from coverage involved in that case and this is based on the character of the use being made of the car at the time in question, not on the character of the business of the person using

it. Both in the Western Alliance case and here the car in question was being taken in for service at the time of the collision. That is to say, the character of the use being made at the time was the same in both cases. The identification of the driver as being or not being an employee of one engaged in the "automobile business" is, under the exclusionary clause involved in both cases, immaterial.

The language of the opinion in State Farm Mutual Automobile Ins. Co. v. Pan American Ins. Co. (Tex.Sup.Ct.), 437 S.W.2d 542, Feb. 12, 1969, is significant. The policy of insurance there involved extended coverage, other than coverage of the owner to "any other person using such automobile" with the permission of the owner. Associate Justice Walker, in a concurring opinion, said that the word "using" in the definition of an additional insured should be given a liberal construction to effect additional coverage. That policy also had a clause excluding from coverage "an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business." The Court did not find it necessary to construe that clause, but of it Judge Walker said: "The exclusion, unlike the definition of an additional insured, should be given a strict construction * * *." That language is persuasive of the conclusion that the Hand automobile was not being used in the automobile business within the meaning of the exclusionary clause in the Allstate policy when the collision here involved occurred.

Courts have recognized the distinction between language excluding coverage while the car was being used by a *person* engaged in the automobile business and language excluding coverage of the car while it was being *used* in the automobile business. (It is to be noted that the language of the concurring opinion in the State Farm Mutual case, above quoted, suggests that even the *person* exclusion clause should be strictly construed in favor of coverage). In Nationwide Mut. Ins. Co. v. Exchange Mut. Ins. Co., 49 Misc.2d 707, 268 N.Y.S. 2d 495, the Court had under consideration a policy that excluded coverage of a person who operated a service station with respect to any occurrence arising out of such operation. The defendant cited Goforth v. Allstate Ins. Co., D.C., 220 F.Supp. 616, which concerned a policy having the same exclusionary language as the one here involved. As to the distinction the Court said:

"* * * However, that case had different exclusionary language and the policy attempted to define what the services were in operating an automobile business. Since the policy did not say that automobile business also included 'transportation', the service performed in that case was not excluded from the policy. This is a far different situation and called for a different interpretation than the exclusionary clause before this Court. There the contract itself defined the elements of an automobile business and attempted to do so by defining each and every service performed in such a business. The exclusionary language in this case merely says that coverage will be excluded to a person who operates a service station with respect to any occurrence arising out of the operation thereof."

In Wilks v. Allstate Ins. Co., La.App., 177 So.2d 790, the Court, in discussing the distinction between the different exclusionary clauses, said:

"Plaintiff contends the Nyman case [Nyman v. Monteleone—Iberville Garage, Inc., 211 La. 375, 30 So.2d 123] is not controlling here because the wording of the exclusionary clause in the Nyman case is different from the wording of the clause in the present matter. A mere reading of the two clauses, which are quoted above, will show the difference. The clause in the Nyman case excluded certain drivers, as for example the owners or employees of repair shops, service stations, etc., as to accidents arising

out of the operation of such businesses. The exclusionary clause in the present case does not relate to the identity or occupation of the driver, but, instead, to the use to which the automobile is being put. Furthermore, the provision in the Nyman case excludes accidents 'arising out of the operation' of the business, whereas the provision in the present case excludes automobiles 'used' in the business. As will be shown hereinafter, the two exclusionary provisions are readily susceptible of different interpretations. Hence, the Nyman case is not controlling here."

7 Appleman, Insurance Law & Practice, 341, Sec. 4372, discusses the "Garage or Filling Station Exclusion" in insurance policies. At p. 158 of the 1968 pocket part to that volume it is said:

"A clause excluding automobiles used in the business of parking automobiles, or in the automobile business, is to be distinguished from clauses discussed heretofore. An automobile brought in to be parked or to be repaired is not being used in the parking or automobile business."

When McDavid's employee went to pick up Mr. Hand's car he drove a motorcycle. He attached the motorcycle to the rear of the car and was towing it back to the garage when the collision occurred. Appellant suggests that the use of Mr. Hand's car to tow the motorcycle constituted use of the car in the automobile business. We disagree. In towing the motorcycle the automobile was not being used in "selling, repairing, servicing, storing or parking" either the motorcycle or the car.

While the appellant has cited a number of out of state cases that support its position, the majority of the out of state cases, as well as the holding of the Waco Court of Civil Appeals in the Western Alliance case, supra, and the language of the Supreme Court in the concurring opinion in the State Farm Mutual case, supra, support the position of the appellee. We are of the opinion that the latter cases are based upon the better reasoning.

The judgment of the trial court is affirmed.